IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| THE ARC OF IOWA et al., | Case No. 4:21-CV-00264-RP-SBJ |
| Plaintiffs, | |
| v. | **DEFENDANTS GOVERNOR KIM REYNOLDS AND ANN LEBO'S RESISTANCE TO MOTION FOR TEMPORARY RESTRAINING ORDER** |
| KIM REYNOLDS, in her official capacity as Governor of Iowa, et al. | |
| Defendants. | |

COMES NOW Defendants Governor Kim Reynolds and Ann Lebo (collectively,

"the State") and submit this Resistance to Motion for Temporary Restraining Order.

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................... 2

LEGAL STANDARD FOR TEMPORARY RESTRAINING ORDER .......................... 3

ARGUMENT .............................................................................................................. 4

    I.    Plaintiffs' request for a temporary restraining order enjoining enforcement of section 280.31 should be denied because it's unnecessary—section 280.31 doesn't prevent schools from complying with federal law. ........................................................................................... 4

    II.    A temporary restraining order enjoining enforcement of section 280.31 wouldn't redress Plaintiffs' alleged harms because it wouldn't provide a universal mask mandate in the schools. ..................................................... 5

    III.    A temporary restraining order enjoining a statute that has been in effect for nearly four months would upset the status quo and cause unnecessary confusion and conflict until the merits of the preliminary injunction and validity of this lawsuit can be considered. ................................................... 6

CONCLUSION............................................................................................................ 8

## INTRODUCTION

Nearly four months ago, the Legislature passed, and the Governor signed, legislation enacting section 280.31 of the Iowa Code into law. *See* Act of May 20, 2021 (H.F. 847), ch. 139, 2021 Iowa Act § 28 (to be codified at Iowa Code § 280.31). That statute became effective immediately, *see id.* § 31, and provides:

> The board of directors of a school district, the superintendent or chief administering officer of a school or school district, and the authorities in charge of each accredited nonpublic school shall not adopt, enforce, or implement a policy that requires its employees, students, or members of the public to wear a facial covering for any purpose while on the school district's or accredited nonpublic school's property unless the facial covering is necessary for a specific extracurricular or instructional purpose, or is required by section 280.10 or 280.11 or any other provision of law.

*Id.* § 28.

Plaintiffs now sue alleging that section 280.31 violates title II of the Americans with Disabilities Act ("ADA"), section 504 of the Rehabilitation Act, and the American Rescue Plan Act of 2021 ("ARPA"). Compl., Doc. 1 ¶ 76–102. And they seek a temporary restraining order "enjoining Defendants from enforcing HF 847 and thereby violating the ADA, Section 504 of the Rehabilitation Act, and ARPA." Complaint, Doc. 1, at 37 ¶ 4.[1] But this extraordinary remedy of a temporary restraining order is unnecessary and inappropriate. It should be denied.

Instead, the Court should provide the parties a reasonable time to fully brief the merits of a preliminary injunction, including the plaintiffs' likelihood of success

---

[1] Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction does not provide any separate statement of the precise temporary restraining order requested. *See* Mtn. for TRO, Doc. 3, at 1.

on their novel and complex legal claims, their potential lack of Article III standing, and their failure to exhaust through proper administrative channels. After that adversarial briefing and a hearing on the preliminary injunction, the Court will be in a better position to rule on the important and weighty issues raised by Plaintiffs.[2] They have not shown that a temporary restraining order is warranted to maintain the status quo in the meantime.

## LEGAL STANDARD FOR TEMPORARY RESTRAINING ORDER

"Preliminary injunctive relief is an extraordinary remedy, made more so by the emergency nature of a temporary restraining order." *Adventist Health Sys./Sunbelt, Inc. v. United States Dep't of Health & Hum. Servs.*, No. 3:20-CV-00101, 2021 WL 973455, at *6 (S.D. Iowa Mar. 12, 2021); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right."). The power to grant a preliminary injunction has been called "an awesome power" that "necessarily requires the Court to analyze the record carefully to determine whether Plaintiff has shown that it will be irreparably harmed absent the issuance of the requested relief." *Mediacom Communications Corp. v. Sinclair Broad. Group, Inc.*, 460 F. Supp. 2d 1012, 1017 (S.D. Iowa 2006).

Courts in the Eighth Circuit apply a four-part test—generally called the *Dataphase* factors—to determine whether preliminary injunctive relief is appropriate. *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d

---

[2] The State also intends to file a Motion to Dismiss that could resolve all claims, rendering Plaintiffs' motion for a preliminary injunction moot. If the Court should wish to consider both motions simultaneously, the State would welcome a reasonable briefing schedule that makes such consideration possible.

484, 485–86 (8th Cir. 1993) (citing *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (1981) (en banc)). The four *Dataphase* factors are: "(1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest." *Id.* "No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction." *Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994).

The same standard is applied when considering a temporary restraining order. But analysis of threatened harm focuses on what would be suffered before a preliminary injunction could be considered. *See Ohlensehlen v. Univ. of Iowa*, No. 3:20-CV-00080, 2020 WL 9074889, at *1 (S.D. Iowa Dec. 4, 2020).

## ARGUMENT

I. **Plaintiffs' request for a temporary restraining order enjoining enforcement of section 280.31 should be denied because it's unnecessary—section 280.31 doesn't prevent schools from complying with federal law.**

Section 280.31 doesn't prohibit any actions of a school where "the facial covering . . . is required by . . . any other provision of law." Act of May 20, 2021 (H.F. 847), ch. 139, 2021 Iowa Act § 28 (to be codified at Iowa Code § 280.31). So if Plaintiffs are correct that federal law requires some facial coverings in schools, section 280.31 doesn't prohibit it. No injunction of the statute's enforcement is required. A school already has it within its power to comply with any requirement of federal law.

To be sure, the State disputes that the ADA, the Rehabilitation Act, or ARPA impose any federal requirement that a universal mask mandate be imposed in all Iowa schools—or in the schools that Plaintiffs' children attend. And presumably Iowa schools and their lawyers have come to the same conclusion since none has acted to impose a district-wide, or building-wide universal mask mandate based on some requirement of federal law. As this suit continues—perhaps even as quickly as the upcoming consideration of Plaintiffs' motion for a preliminary injunction—the parties can flesh out this dispute over the requirements of federal law. But there's no need for a temporary restraining order to prevent enforcement of section 280.31.

## II.   A temporary restraining order enjoining enforcement of section 280.31 wouldn't redress Plaintiffs' alleged harms because it wouldn't provide a universal mask mandate in the schools.

Plaintiffs' requested temporary restraining order isn't just unnecessary—it's also insufficient to redress their alleged irreparable harms. They assert that their irreparable harms are "heightened risk of exposure" to COVID-19 if they attend in-person school or "loss of educational opportunities" if the students are removed from school. Mem. of Authorities in Support of Mtn. for PI & TRO, Doc. 17, at 13–14. And they believe that "[i]f everyone were wearing a mask," these harms would be avoided and "their children would be safe." *Id.* at 12.

But Plaintiffs are not asking this court for an injunction requiring everyone in their children's schools to wear a mask. They seek only to enjoin Governor Reynolds and Director Lebo from enforcing section 280.31. Complaint, Doc. 1, at 37 ¶ 4. That won't remedy their claimed harm. It's dependent on the actions of elected school boards to decide whether they will in fact implement a universal mask mandate in

their school districts like Plaintiffs hope. This lack of redressability is an Article III standing concern with the relief that Plaintiffs seek. *See Friends of the Earth, Inc. v. Laidlaw Envt'l Servs (TOC), Inc.*, 528 U.S. 167, 185 (2000) ("[A] plaintiff must demonstrate standing separately for each form of relief sought."). And it shows that a temporary restraining order seeking such relief is inappropriate.

III.   **A temporary restraining order enjoining a statute that has been in effect for nearly four months would upset the status quo and cause unnecessary confusion and conflict until the merits of the preliminary injunction and validity of this lawsuit can be considered.**

Section 280.31 has been in effect since May 20, 2021. *See* Act of May 20, 2021 (H.F. 847), ch. 139, 2021 Iowa Act § 28 (to be codified at Iowa Code § 280.31). Over these past four months, Plaintiffs have thus been on notice that schools are now generally prohibited from mandating face coverings. They have known that classes would be resuming in August. And more than two months ago, it was publicly known that the Delta Variant of COVID-19 was the dominant strain in the United States. *See* Emily Anthes, *Delta, as Expected, Is Now the Dominant Virus Variant in the U.S., the C.D.C. Estimates*, N.Y. Times, July 7, 2021, *available at* https://perma.cc/BL3W-2DBC. Yet they filed this lawsuit just a week ago and are immediately seeking the extraordinary remedy of a temporary restraining order. Their delay in suing counsels against concluding that enjoining section 280.31 is truly an emergency that cannot wait until consideration of their preliminary injunction. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1944 (2018) ("[A] party requesting a preliminary injunction must generally show reasonable diligence.").

So too does the fact that their requested temporary restraining order would upset the status quo rather maintain it. Schools have been operating with section 280.31 in effect, in many cases for several weeks now. Suddenly enjoining that law and reopening the debate in each school board and management team as to whether to adjust masking requirements in their schools would create unnecessary confusion and conflict. Even schools that would choose not to adopt a mask mandate will question whether they are now violating federal law given the implications of this Court's order.

Plaintiffs' request is thus unlike the temporary restraining order enjoining the Tennessee Governor's executive order on mask mandates in schools. *See* Doc. 6-1, Ord. in G.S. v. Lee, No. 21-CV-02552 (W.D. Tenn. Sept. 3, 2021). That suit was filed just nine days after the Governor issued his executive order—not four months after the challenged action. *See id.* at 1, 6. It involved an injunction of unilateral executive action—not a duly enacted statute passed by the Legislature and signed by the Governor. And the nature of the executive order, which merely required opt-out provisions for parents, rather than eliminating the mandates entirely, made its injunction less disruptive.

The disruption to schools caused by granting a temporary restraining order would be even greater if this Court would ultimately conclude after the advantage of more robust briefing that Plaintiffs' preliminary injunction should be denied. To avoid this danger, the Court should deny this extraordinary request and direct the parties to proceed with litigating the preliminary injunction.

## CONCLUSION

For these reasons, this Court should deny Plaintiffs' Motion for a Temporary Restraining Order. The State stands ready to work with Plaintiffs to develop an appropriate preliminary injunction record and full adversarial briefing so that the Court may properly consider that request within a reasonable time.

Respectfully submitted,

THOMAS J. MILLER
Attorney General of Iowa

JEFFREY S. THOMPSON
Solicitor General

*/s/ Samuel P. Langholz*
SAMUEL P. LANGHOLZ
Assistant Attorney General
Iowa Department of Justice
1305 E. Walnut Street, 2nd Floor
Des Moines, Iowa 50319
Phone: (515) 281-5164
Fax: (515) 281-4209
sam.langholz@ag.iowa.gov
jeffrey.thompson@ag.iowa.gov

ATTORNEYS FOR DEFENDANTS
GOVERNOR KIM REYNOLDS AND
ANN LEBO

| **PROOF OF SERVICE** | |
|---|---|
| The undersigned certifies that the foregoing instrument was served upon all parties of record by delivery in the following manner on September 9, 2021: | |
| ☐ U.S. Mail | ☐ Email |
| ☐ Hand Delivery | ☐ Overnight Courier |
| ☐ Federal Express | ☐ Other |
| ☒ CM/ECF | |
| Signature: */s/ Samuel P. Langholz* | |