# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

THE ARC OF IOWA; CHARMAINE
ALEXANDER, individually and on behalf of
C.B., a minor; JONATHAN  CRAIG,
individually and on behalf of E.C. and J.C.,
minors; MICHELLE CROFT, individually and
on behalf of J.J.B., a minor; AMANDA
DEVEREAUX, individually and on behalf of
P.D., a minor; CARISSA FROYUM ROISE,
individually and on behalf of H.J.F.R., a minor;
LIDIJA GEEST, individually and on behalf of
K.G., a minor; MELISSA HADDEN,
individually and on behalf of V.M.H., a minor;
HEATHER LYNN PRESTON, individually and
on behalf of M.P. and S.P, minors; LISA
HARDISTY SITHONNORATH, individually
and on behalf of A.S., a minor; REBEKAH
STEWART, individually and on behalf of
E.M.S., a minor; and ERIN VERCANDE,
individually and on behalf of S.V., a minor,

       *Plaintiffs*,

    v.

KIM REYNOLDS, in her official capacity as
Governor of Iowa; ANN LEBO, in her official
capacity as Director of the Iowa Department of
Education; ANKENY COMMUNITY SCHOOL
DISTRICT; COUNCIL BLUFFS
COMMUNITY SCHOOL DISTRICT;
DAVENPORT COMMUNITY SCHOOL
DISTRICT; DECORAH  COMMUNITY
SCHOOL DISTRICT;  DENVER
COMMUNITY SCHOOL DISTRICT; DES
MOINES PUBLIC SCHOOLS; IOWA CITY
COMMUNITY SCHOOL DISTRICT;
JOHNSTON COMMUNITY SCHOOL
DISTRICT; LINN MAR COMMUNITY
SCHOOL DISTRICT; and WATERLOO
COMMUNITY SCHOOL DISTRICT,

      *Defendants*.

Case No. 4:21-cv-264

**DECLARATION OF JOHN A.
FREEDMAN IN SUPPORT
MOTION FOR TEMPORARY
RESTRAINING ORDER
AND PRELIMINARY
INJUNCTION**

## DECLARATION OF JOHN A. FREEDMAN

I, John A. Freedman, declare as follows:

1) I am an attorney with Arnold & Porter Kaye Scholer LLP, counsel for Plaintiffs in the above-captioned action.  I make this declaration upon my personal knowledge, and in support of Plaintiffs' Motions for Temporary Restraining Order and Preliminary Injunction.

2) Attached hereto as Exhibit A is a true and correct copy of a Letter from C. Joseph Holland, counsel for the Iowa City Community School District, dated September 10, 2021, re The Arc of Iowa v. Reynolds.  The letter, submitted with counsel's permission, states that the Iowa City Community School District has "no objection or resistance to the Court granting a Temporary Restraining Order and enjoining enforcement of Section 280.31 of the Code of Iowa (2021)" and that if the Court does so, the school district "is prepared to meet as soon as possible to consider a mask requirement  . . . ."

3) In the hearing on Plaintiffs' motion for a Temporary Restraining Order earlier today, I represented certain COVID-19 case data that was not previously in the record.  That data was collected from public sources, including "dashboards" maintained by various school districts and a statewide compendium of case counts called the Iowa COVID-19 Tracker (iowacoid19tracker.org) which compiles data from each school district dashboard. The numbers I reported in Court were all based on my review of these websites on the morning of September 10; it is important to note that school districts periodically update this data, and in certain cases, the numbers I reported have changed since the hearing. The numbers, source, and updated information is as follows:

   a. As of September 9, the Des Moines Schools reported that this school year, 215 children in the Des Moines school district have tested positive for COVID-19. This data is reported by the Des Moines Schools at https://www.dmschools.org/covid19dashboard/.  Positive cases from this school

year are already 25.1% of those from Des Moines for all of the last school year.
*Id.* ("during the 2020-21 school year, 526 staff members and 855 students
reported positive COVID-19 tests").

b.  Since I last checked the Des Moines dashboard, the Des Moines Schools has
updated the information and, as of September 10,  is now reporting 233 positive
COVID tests since the school year began.  This is more than double the number of
cases reported on September 2.  *Compare* Complaint ¶ 51 (reporting 101
students).

c.  As of September 9, Iowa City Community School District reported a total of 127
students as having tested positive since schools opened.   While I did not make the
point in argument, I note that cases among students have thus increased by more
than 50%  since September 2. *Compare* Complaint ¶ 51 (reporting seventy-one
students as having tested positive).

d.  Since I last checked the Iowa City dashboard, the Iowa City Schools has released
new data showing 132 positive student cases as of September 10 on its dashboard.
https://www.iowacityschools.org/Page/18796.

e.  For the week ending September 3, Cedar Rapids Community School District
reported sixty-six positive COVID-19 tests among students. This data is reported
by the Cedar Rapids Community School District at
https://sites.google.com/crschools.us/crcsdcovidhub/data-archive?authuser=0.
That is 16% of the total number of positive cases reported for students (411) for
all of last year.  The number of cases last year is available on the Iowa COVID-19
Tracker.
https://onedrive.live.com/view.aspx?resid=26D8C5E551E13BAD!3773&ithint=fi
le%2cxlsx&authkey=!APBwLfln6ifYM9s.

f.  For Waterloo schools, I reported that the number of positive cases for students
was already 55% of the total cases reported for all students last year.  This

percentage is based on cases for this school year to date when I looked (30 students) as reported the Waterloo Schools' dashboard (https://www.waterlooschools.org/hrs/covid-district-data/) and last year (54 students), as reported on the Iowa COVID-19 Tracker. https://onedrive.live.com/view.aspx?resid=26D8C5E551E13BAD!3773&ithint=file%2cxlsx&authkey=!APBwLfln6ifYM9s.

g. Since I last checked, Waterloo Schools' dashboard, updated as of September 10, is reporting 33 positive student cases, and another 335 students in quarantine pending testing  results. https://www.waterlooschools.org/hrs/covid-district-data/. This number of positive students is now more than 60% of the cases for last year (54 students).

h. The Linn-Mar dashboard only presents two weeks of data and does not provide cumulative totals. https://www.linnmar.k12.ia.us/covid-19-information/. When I checked this morning, the data showed 70 cases (not distinguished between students and staff), which was 30% of the total number of cases reported for last year on the Iowa COVID Tracker.  The Linn-Mar School District has subsequently updated the dashboard to report an additional 32 student cases for the week ended September 10.

4) The following link is a video of a September 2, 2021 press conference by Governor Reynolds. At 17:19 in the video, when asked how she would respond to parents of children with underlying disabilities concerned about the law prohibiting mask mandates in schools, the Governor reiterated that state law prohibits local school districts from requiring masks, and that their options were to mask their own children, or to stay home and use the online schooling option. *See* Press Conference video, available  https://www.weareiowa.com/video/news/health/coronavirus/watch-full-press-conference-governor-kim-reynolds-covid-website-data-tracking-september-2/524-443249c6-79c6-4f22-9b51-b5847dad529f (timestamp 17:19).

5) Attached hereto as Exhibit B is a true and correct copy of the state's Motion to Dismiss, filed in Polk County District Court on August 25, 2021 in *Parr v. Iowa Dep't of Edu. et al.*, EQCE 086981.  This motion to dismiss was filed in a state court proceeding challenging HF 847 on state law grounds. In this proceeding, the state did not take the position that the law would allow schools to require masks. To the contrary, the state represented in its motion to dismiss that one of the state's interests in the legislation was to take away the authority of local school boards to require masks:

> If each district had to make its own decision, each district might face litigation brought by parents who disagreed, with the attendant effort and expense. Under section 280.31, each school district does not have to decide on its own whether to satisfy parents who wish their students to be masked, or to satisfy parents who do not, and districts have more time to devote to other important concerns.

*Parr v. Iowa Dep't of Edu. et al.*, Mot. to Dismiss at 22, EQCE 086981 (Polk Co. Dist. Ct. Aug. 25, 2021).

> Cities, counties, and school boards have authority over some issues, but others, including the issue of masks in schools, are outside of that authority.

*Id.* at 38.

6) Attached as Exhibit C is a true and correct copy of the Iowa Department of Education's September 2, 2021 "Frequently Asked Questions" ("FAQs") issued to schools. https://cdn.linnmar.k12.ia.us/wp-content/uploads/2021/09/9-2-21-Frequently-Asked-Questions-on-IDPH-guidance.pdf. The FAQs were "provided as clarifications for schools to accompany the guidance released on August 6, 2021, by the Iowa Department of Public Health (IDPH): COVID-19 and K-12 School Update for Fall 2021." The FAQs make no further clarification or change to the previous information provided about HF 847 in the August 6, 2021 IDPH guidance, cited in Plaintiffs' Complaint, stating that:

> HF 847, signed by Governor Reynolds on May 20, 2021, prohibits a school district from adopting or enforcing a policy that requires employees,

students, or the public to wear a mask while on school property. As such, masks must be optional for students, teachers, and visitors.

Iowa Department of Public Health, *COVID-19 and K-12 Schools Update for Fall 2021,* https://idph.iowa.gov/Portals/1/userfiles/61/covid19/resources/School%20Update%20Fall%202021.pdf.

8) Attached hereto as Exhibit D is a true and correct copy of August 6, 2021 IDPH Guidance which is quoted above. The September 2, 2021 Department of Education Guidance thus incorporates and affirms the IDPH guidance cited in Plaintiffs' Complaint.

9) Attached hereto as Exhibit E is an Affidavit of Jill Shudak, member of the Council Bluffs Community School District School Board, dated September 3, 2021, filed in *Parr v. Iowa Dept. of Edu. et al.* In that affidavit, Ms. Shudak states: "I am aware that pursuant to Iowa Code Section 280.31, that as a member of the Council Bluffs Community School District, I am not able to issue a facial covering/mask mandate for students and school personnel in the Council Bluffs Community Schools."

10). Also attached hereto as Exhibit F is an Affidavit of Stacy Anderson, member of the Urbandale Community School Board, dated September 3, 2021, stating the same.

I swear under the penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated this 10th day of September, 2021

    _[s] John A. Freedman_
    John A. Freedman

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system.

All parties other than the Iowa City Community Schools have filed an appearance in this case and will be served through the CM/ECF system.

I will separately serve the Iowa City Community Schools.

Date: September 10, 2021

/s/Rita Bettis Austen
Rita Bettis Austen