IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| THE ARC OF IOWA et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KIM REYNOLDS, in her official capacity as Governor of Iowa, et al.<br><br>Defendants. | Case No. 4:21-CV-00264-RP-SBJ<br><br>**DECLARATION OF KENDRA PARKER** |

I, Kendra Parker, declare under penalty of perjury that I have personal knowledge of the following:

1. My name is Kendra Parker and I reside in Polk County, Iowa.

2. My daughter, K.P., is enrolled in the Ankeny Community School District in the fifth grade.

3. K.P. was diagnosed with Sensory Processing Disorder (SPD) at the age of five. Her diagnosis was completed by her primary pediatrician and confirmed by an occupational therapist.

4. SPD is a complex neurological disorder with no cure, only treatments to help a child or adult manage the impacts of SPD in their lives. SPD is a condition that affects how the brain organizes and responds to sensory information, or stimuli. The exact cause of sensory processing problems has not been identified and the disorder is not a distinct recognized medical diagnosis at this time.

5. K.P. is overly sensitive to stimuli that other people are not. For example, K.P. has described that when she wears a mask, her brain interprets her skin as being on fire or poked with sharp needles.

6. This signaling creates a "traffic jam" in her brain and she essentially becomes "paralyzed" in that moment.

7. K.P. participates in occupational therapy, which provides her techniques to calm herself and reorganize the signals that the brain is sending.

8. Although K.P. does not qualify for an Individualized Education Plan (IEP) under the Individuals with Disabilities Education Act (IDEA) due to her diagnosis of SPD, she has a 504 Plan.

9. K.P.'s 504 Plan provides time for her to transition between activities, among other accommodations.

10. This past school year, K.P. spent much of the school year in a hybrid learning environment where classes were split and rotated between in-person and remote learning days.

11. During remote learning days, the school district was unable to adequately fulfill K.P.'s 504 Plan, and K.P. did not receive an equal education as compared to her peers.

12. A universal mask mandate would significantly inhibit K.P.'s ability to learn effectively in the classroom.

13. A universal mask mandate is counterproductive to the goals and objectives of K.P.'s 504 Plan.

14. If a universal mask mandate is adopted in the Ankeny Community School District, I would strongly consider unenrolling from the school district and seeking enrollment elsewhere. If enrollment elsewhere is not an option, I would strongly consider seeking an exemption from a universal mask mandate with the assistance of K.P.'s medical team.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 17, 2021.

*signature*
Kendra Parker