**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| THE ARC OF IOWA et al., <br><br>        *Plaintiffs*, <br>  v. <br><br>KIM REYNOLDS et al., <br><br>        *Defendants*. | Case No. 4:21-cv-264 <br><br> MOTION TO EXTEND TEMPORARY RESTRAINING ORDER |

**COME NOW** Plaintiffs, pursuant to Federal Rule of Civil Procedure 65(b)(2), and respectfully ask this Court to grant a 14-day extension of the Temporary Restraining Order entered on September 13, 2021 in the above captioned matter. Plaintiffs state as follows in support thereof:

1. In its Order granting a temporary restraining order ("TRO") barring enforcement of Iowa Code section 280.31 on September 13, 2021, this Court carefully applied the "*Dataphase*" factors in determining that Plaintiffs had met their burden of demonstrating, by a preponderance of the evidence, (1) irreparable harm to the movant absent injunctive relief; (2) the balancing of this harm and any injuries which granting the injunction would inflict on other parties weighed in favor of an injunction; (3) that Plaintiffs were likely to succeed on the merits of at least two of their claims; and (4) the public interest weighed in favor of injunctive relief. ECF No. 17, at 14-29 (citing *Dataphase Sys., Inc. v. CL Sys., Inc*., 640 F.2d 109, 114 (8th Cir.1981) (en banc)).

2. The TRO followed a hearing on September 10, 2021, at which time Plaintiffs and Defendants Kim Reynolds and Ann Lebo presented their arguments. All Defendant school districts except for the Iowa City Community School District took no position on the TRO. The Iowa City Community School District made a statement through counsel, submitted

1

to the Court with permission by Plaintiffs, that it had no objection to entry of the TRO. All parties also had the opportunity to submit briefing in the matter, and Defendants Kim Reynolds and Ann Lebo filed briefing in resistance to the Motion for a TRO.

3. Absent an extension for good cause or with consent of the parties, a TRO would normally expire after 14 days. Fed. R. Civ. P. 65(b)(2).

4. Rule 65 of the Federal Rules of Civil Procedure authorizes the court to extend a TRO for a period of fourteen days if the court finds that "good cause" justifies an extension. Fed. R. Civ. P. 65(b)(2). *See also Babcock v. Babcock,* No. 20-cv-00066, 2020 WL 6293445, at *2 (S.D. Iowa Aug. 24, 2020) ("Rule 65(b)(2) provides a TRO may not extend beyond fourteen days, 'unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension.'"); Charles Wright and Arthur Miller, *Federal Practice and Procedure*, 11A Wright § 2953 (3d ed.) ("a showing that the grounds for originally granting the temporary restraining order continue to exist should be sufficient").

5. Broadly, the district court has discretion in determining "good cause" based on the procedural posture of a case. It is well-established that "good cause" includes time to adequately brief the court in a preliminary injunction hearing and to give the court sufficient time to consider a preliminary injunction once the case is submitted. *See, e.g., H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 843-45 (7th Cir. 2012) (recognizing TRO extensions are given "to provide the parties adequate time to prepare for a preliminary injunction hearing"); *Costa v. Bazron*, No. 19-318, 2020 WL 2410502, at *2 (D.D.C. May 11, 2020) ("[T]he Court finds that good cause exists to extend the TRO because the parties need time to brief, and the Court needs time to consider, the

forthcoming motion for a preliminary injunction."); *SEC v. Arisebank*, No. 18-cv-186, 2018 WL 10419828 at *1 (N.D. Tex. Mar. 9, 2018) (collecting cases on TRO extensions for "good cause").

6. Here, good cause exists because the grounds for originally granting the TRO persist, and Plaintiffs will suffer immediate and irreparable injury absent continued injunctive relief. *Harris v. Blue Cross Blue Shield of Mo.*, 995 F.2d 877, 879 (8th Cir. 1993) (establishing irreparable injury exists when the harm is to a "life threatening interest"). If anything, circumstances have deteriorated. On September 13, when the court entered the TRO, the state had a seven-day reported case rate of 1,370.[1] On September 21, this rate soared to a seven-day reported average of 1,811,[2] with a particularly troubling surge among children.[3]

7. Today, Iowa Code section 280.31 still poses the same risks to Plaintiffs' children's health. By prohibiting the implementation of masking requirements in Iowa schools, the law substantially increases the risk that children will contract COVID-19; the potential harm is greatest for children like Plaintiffs, whose disabilities put them at risk of severe illness should they contract COVID-19. Their risk is only greater now than when the Court granted the TRO. This is clearly not an example where the threat of irreparable injury has dissipated between the entering of a TRO and the scheduled date of preliminary injunction hearing.

---

[1] *Tracking Coronavirus in Iowa: Latest Map and Case Count,* N.Y. Times (Sept. 22, 2021), https://www.nytimes.com/interactive/2021/us/iowa-covid-cases.html.
[2] *Id.*
[3] Tim Webber, *Iowa sets new 2021 high for COVID hospitalizations — with new reported cases not far behind*, Des Moines Reg. (Sept. 22, 2021), https://www.desmoinesregister.com/story/news/health/2021/09/22/covid-19-iowa-state-reaches-2021-high-hospitalizations-delta-variant-cases-deaths/5804666001/ ("Among the hospitalized patients are 18 children, an age group that again accounted for the largest number of new reported cases over the previous week. More than 3,000 additional children were reported positive for COVID-19 in Wednesday's data update — more than a quarter of the state's 12,163 new reported cases.").

*See, e.g., North Dakota v. U.S. Army Corps of Engr's*, 264 F. Supp. 2d 871, 879 (D.N.D. 2003).

8. Nor is Plaintiffs' likelihood of success on the merits in any way diminished. Rather, it is bolstered by the recent decision of the district court of Tennessee issuing a preliminary injunction in a similar case. *G.S. et al. v. Lee et al.*, No. 21-cv-02552, ECF No. 62 (W.D. Tenn. Sept. 17, 2021).

9. Therefore, under the *Dataphase* factors this Court applied in entering the TRO on September 13, 2021, the equities weigh even more heavily in favor of continued injunctive relief.

10. Good cause also exists based on the procedural posture of the case.

11. Plaintiffs' deadline to file a Reply to the Response filed by Defendants Reynolds and Lebo to their motion for a preliminary injunction is September 28, a day after the fourteen-day expiration of the TRO on September 27.

12. In addition, Plaintiffs will be submitting the supplemental declarations that Defendants Reynolds and Lebo have agreed they may submit in lieu of putting on witnesses at a hearing. This agreed-upon process of gathering the supplemental affidavits will take less time than setting a hearing on the preliminary injunction, but does require some additional time beyond September 27, 2021 to prepare.

13. Finally, Plaintiffs intend to resist Defendants Reynolds and Lebo's pending request that this Court set a $25,000 bond on the preliminary injunction, should the Court grant the Plaintiff's motion.

14. This necessitates a fourteen-day extension of the TRO until October 11, 2021 or until the Court decides the Preliminary Injunction motion prior to that date.

Dated September 22, 2021.

Respectfully submitted:

**AMERICAN CIVIL LIBERTIES UNION OF IOWA**

/s/ Rita Bettis Austen
Rita Bettis Austen, AT0011558
**ACLU of Iowa Foundation Inc.**
505 Fifth Avenue, Suite 901
Des Moines, IA 50309-2316
Telephone: 515-243-3988
Facsimile: 515-243-8506
rita.bettis@aclu-ia.org

/s/ Shefali Aurora
Shefali Aurora, AT0012874
**ACLU of Iowa Foundation Inc.**
505 Fifth Avenue, Suite 901
Des Moines, IA 50309-2316
Telephone: 515-243-3988
Facsimile: 515-243-8506
shefali.aurora@aclu-ia.org

/s/Leah Patton
Leah Patton, AT0006022
**ACLU of Iowa Foundation Inc.**
505 Fifth Avenue, Suite 901
Des Moines, IA 50309-2316
Telephone: 515-243-3988
Facsimile: 515-243-8506
leah.patton@aclu-ia.org

**DISABILITY RIGHTS IOWA**

Cynthia A. Miller (AT0005382)
666 Walnut Street, Suite 1440
Des Moines, IA 50309
T: (515) 278-2502
E: cmiller@driowa.org

Catherine Johnson*  (AT0004006)
666 Walnut Street, Suite 1440
Des Moines, IA 50309

T: (515) 278-2502
E: cjohnson@driowa.org

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**

Louise Melling*
125 Broad St.
New York, NY 10004
T: (212) 549-2637
E: lmelling@aclu.org

Susan Mizner*
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0781
E: smizner@aclu.org

**ARNOLD & PORTER KAYE SCHOLER LLP**

John A. Freedman
Tara L. Williamson*
601 Massachusetts Ave, NW
Washington, DC 20001
T: 202.942.5316
E: john.freedman@arnoldporter.com

**THE ARC OF THE UNITED STATES**

Shira Wakschlag
The Arc of the United States
1825 K Street, NW, Suite 1200
Washington, DC 20006
Telephone: 202-534-3708
Facsimile: 202-534-3731
wakschlag@thearc.org

*Motion to proceed *pro hac vice* forthcoming

**TOM DUFF LAW FIRM**

/s/ THOMAS J. DUFF
THOMAS J. DUFF

/s/ JIM DUFF
JIM T. DUFF
DUFF LAW FIRM, PLC
The Galleria
4090 Westown Pkwy, Suite 102
West Des Moines, Iowa 50266
Telephone: (515) 224-4999
Fax: (515) 327-5401
Email : tom@tdufflaw.com
jim@tdufflaw.com
wendy@tdufflaw.com

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

  I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system.

Date: September 22, 2021

/s/Rita Bettis Austen
Rita Bettis Austen