IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| THE ARC OF IOWA; CHARMAINE ALEXANDER, Individually and on Behalf of C.B.; JOHNATHAN CRAIG, Individually and on Behalf of E.C. and J.C.; MICHELLE CROFT, Individually and on Behalf of J.J.B.; AMANDA DEVEREAUX, Individually and on Behalf of P.D.; CARISSA FROYUM ROISE, Individually and on Behalf of H.J.F.R.; LIDIJA GEEST, Individually and on Behalf of K.G.; MELISSA HADDEN, Individually and on Behalf of V.M.H.; HEATHER LYNN PRESTON, Individually and on Behalf of M.P. and S.P.; LISA HARDISTY SITHONNORATH, Individually and on Behalf of A.S.; REBEKAH STEWART, Individually on Behalf of E.M.S.; ERIN VERCANDE, Individually and on Behalf of S.V.; <br><br> Plaintiffs, <br><br> v. <br><br> KIM REYNOLDS, In her Official Capacity as Governor of Iowa; ANN LEBO, In her Official Capacity as Director of the Iowa Department of Education; ANKENY COMMUNITY SCHOOL DISTRICT; COUNCIL BLUFFS COMMUNITY SCHOOL DISTRICT; DAVENPORT COMMUNITY SCHOOL DISTRICT; DECORAH COMMUNITY SCHOOL DISTRICT; DENVER COMMUNITY SCHOOL DISTRICT; DES MOINES PUBLIC SCHOOLS; IOWA CITY COMMUNITY SCHOOL DISTRICT; JOHNSTON COMMUNITY SCHOOL DISTRICT; LINN MAR COMMUNITY SCHOOL DISTRICT; WATERLOO COMMUNITY SCHOOL DISTRICT; <br><br> Defendants | | 4:21-cv-00264 <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND TEMPORARY RESTRAINING ORDER |

Before the Court is Plaintiffs' Motion to Extend Temporary Restraining Order (TRO) entered by this Court on September 13, 2021 (ECF No. 32).  ECF No. 44.  The TRO enjoins Defendants from enforcing Iowa Code section 280.31, which banned local school districts in Iowa from imposing a universal mask mandate.  ECF No. 32 at 29.  Plaintiffs seek a fourteen-day extension of the TRO enjoining Iowa Code section 280.31.  ECF No. 44.  Defendant Reynolds and Defendant Lebo have filed a Resistance to Plaintiffs' request for an extension.  ECF No. 45.  The parties did not request oral argument on this Motion, and the Court does not believe oral argument will substantially aid it in resolving the issue before the Court.  The matter is fully submitted.

I. FACTUAL AND PROCEDURAL BACKGROUND

In its TRO, the Court recounted at length the facts of this case.  ECF No. 32 at 3–13.  The Court adopts its earlier factual findings and incorporates them by reference here.  Since entry of the TRO, at least twenty-four school districts around Iowa have implemented some form of a mask mandate.  ECF No. 48-1 at 1.  The list of schools implementing a mask mandate includes eight of the ten Defendant school districts in this matter and sixteen other school districts across Iowa.  ECF No. 48-2 ¶ 3(a)–(x).  Meanwhile, rising COVID-19 rates in Iowa continue to pose a risk of severe illness or death to Plaintiffs' disabled or immunocompromised children who are too young to qualify for the vaccine.  ECF No. 44 ¶ 6.

In addition, the Court held a status conference on September 22, 2021, permitting the parties to clarify whether additional time was needed for discovery or to respond to opposing counsel's arguments, in addition to whether the parties desired a hearing on Plaintiffs' Motion for a Preliminary Injunction.  *See* ECF No. 43.  At the status conference, Plaintiffs and Defendants declined a hearing on the Motion for a Preliminary Injunction.  *Id.*  However, in lieu

of a hearing, Plaintiffs requested additional time to submit declarations and further address Defendants' arguments prior to expiration of the TRO. *Id.*

Defendant Reynolds and Defendant Lebo resist Plaintiffs' Motion for a Temporary Restraining Order and Motion for a Preliminary Injunction. ECF Nos. 42, 45. In their resistance to the request for a preliminary injunction, Defendants Reynolds and Lebo include declarations from three parents in the Ankeny Community School District, a parent in the Muscatine Community School District, and a parent in the Urbandale Community School District.[1] ECF Nos. 42-1, 42-3, 42-2, 45-1, 45-2. In a footnote to the Resistance to the Motion for a Preliminary Injunction, Defendants Reynolds and Lebo also contend that Federal Rule of Civil Procedure 65(c) requires the Court to set a bond if a preliminary injunction is ordered. ECF No. 42 at 35 n.6. Plaintiffs resist Defendants' bond request. ECF Nos. 44 ¶ 13; 48-1 at 30–33. Defendants Reynolds and Lebo have also submitted a Supplemental Response to Plaintiffs' request for a preliminary injunction to notify the Court of additional authority in courts outside of the Eighth Circuit. ECF No. 47. Plaintiffs have responded to Defendants by filing a thirty-seven-page Reply in Support of the Motion for Preliminary Injunction, in addition to twenty-six supplemental documents and declarations in support of continuing injunctive relief. ECF Nos. 48-1–48-27. The Court appreciates the diligence of the parties in fully briefing the matter before the Court and providing a factual basis for their arguments for or against extending the TRO.

## II. LEGAL STANDARD

Under Rule 65(b)(2), courts have authority to extend a TRO for "good cause." If good cause justifies an extension, a court may extend a TRO for a period of fourteen days. Fed. R. Civ. P. 65(b)(2); *Babcock v. Babcock*, No. 3:20-cv-00066, 2020 WL 6293445, at *2 (S.D. Iowa

---

[1] The Court notes Urbandale Community School District is not named as a Defendant in this case.

Aug. 24, 2020). Although Rule 65(b)(2) does not define good cause, it exists when "the grounds for originally granting the [TRO] continue to exist." 11A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2953 (3d ed. 1998). Determining that the grounds for originally granting the TRO continue to exist necessitates considering the four *Dataphase* factors, including: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013) (quoting *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)). In addition, good cause may be based on the procedural posture of a case. For example, good cause to extend a TRO includes needing time to adequately brief the Court, and then providing the Court sufficient time to consider a preliminary injunction once the case is fully submitted. *See, e.g.*, *H-D Mich., LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 843–45 (7th Cir. 2012).

### III. ANALYSIS

Plaintiffs allege they have good cause for a fourteen-day extension of the TRO beyond September 27, 2021, for several reasons. ECF No. 44 ¶ 6. First, Plaintiffs allege the grounds for originally granting the TRO persist. *Id.* Plaintiffs report that on September 21, the seven-day average of reported COVID-19 cases in Iowa was at 1,811, with a troubling surge among children. *Id.* Second, Plaintiffs' children have disabilities that continue to put them at increased risk of severe illness or death should they contract COVID-19. *Id.* ¶ 7. Third, Plaintiffs further allege the equities under *Dataphase* weigh heavily in favor of continued injunctive relief. *Id.* ¶ 9. Fourth, Plaintiffs allege good cause exists based on the procedural posture of the case and

the need for additional time to fully reply to Defendants Reynolds and Lebo's Resistance to the Motion for Preliminary Injunction and their pending request for a $25,000 bond.  *Id.*  ¶¶ 10–13.

Defendants Reynolds and Lebo agree with Plaintiffs that the Court may grant an extension of the TRO if the Court finds good cause.  ECF No. 45 at 1.  However, Defendants Reynolds and Lebo disagree with Plaintiffs that good cause exists to justify an extension of the TRO in this case.  *Id.*  Defendants Reynolds and Lebo repeat the arguments made in their Resistance to the Motion for Temporary Restraining Order (ECF No. 21) and their Resistance to the Motion for Preliminary Injunction (ECF No. 42) and argue the extraordinary remedy of injunctive relief is unnecessary and inappropriate.  *Id.* at 2.

Enforcement of Iowa Code section 280.13 continues to pose a threat of irreparable harm to the children's health and rights under the Americans with Disabilities Act (ADA) and section 504 of the Rehabilitation Act.  Since entry of the TRO, COVID-19 rates among school-aged children have increased.  Over twenty-four school districts in Iowa have implemented a universal mask mandate following the issuance of the TRO.  Restoring the school districts' discretionary powers to implement a universal mask mandate is indicative of the need for continued injunctive relief to redress Plaintiffs' harms.  The Court's TRO details why Plaintiffs are entitled to temporary injunctive relief under the *Dataphase* factors.  ECF No. 32 at 18–28.  The Court reaffirms and incorporates those findings and conclusions here and finds the original *Dataphase* analysis continues to provide good cause for enjoining enforcement of Iowa Code section 280.13.

In addition, at the status conference, this Court ordered Defendants Reynolds and Lebo to provide evidence establishing a rational basis for their proposed security amount of $25,000. ECF No. 43; ECF No. 42 at 25 n.6.  Rule 65(c) gives courts discretion to require security, also

known as a bond, upon entry of a preliminary injunction in an amount that the court deems proper. The purpose of requiring the applicant for such injunctive relief to post a bond is "payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The burden falls on the party requesting the bond to "establish[] a rational basis for the amount of the proposed bond." *In re President Casinos, Inc.*, 360 B.R. 262, 266 (B.A.P. 8th Cir. 2007). And while courts in the Eighth Circuit frequently require a bond before issuing a preliminary injunction, *Curtis 1000, Inc. v. Youngblade*, 878 F. Supp. 1224, 1278 (N.D. Iowa 1995), "exceptions have been made where the defendant has not objected to the failure to require a bond or where the damages resulting from a wrongful issuance of an injunction have not been shown." *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 826 F.3d 1030, 1043 (8th Cir. 2016) (citing *Fantasysrus 2, L.L.C. v. City of E. Grand Forks*, 881 F. Supp. 2d 1024, 1033 (D. Minn. 2012); *Bukaka, Inc. v. Cnty. of Benton*, 852 F. Supp. 807, 813 (D. Minn. 1993)). Waiver of the bond requirement may be justified by "virtually no possibility of a risk of financial harm to the party to be enjoined. . . . [And] little or no need to provide for compensation of an incorrectly enjoined defendant . . . ." *Heather K. by Anita K. v. City of Mallard*, 887 F. Supp. 1249, 1268 (N.D. Iowa 1995) (citation omitted). In addition, the Eighth Circuit has held that when the lawsuit involves the "important public interest in enforcement of" rights under federal laws or the Constitution, a bond is not required. *Richland/Wilkin Joint Powers Auth.*, 826 F.3d at 1043; *Bukaka*, 852 F. Supp. at 813.

Defendants Reynolds and Lebo argue the appropriate amount for a bond under the circumstances is "$25,000 . . . to cover the potential costs and attorney fees incurred by all Defendants in response to the injunction." *Id.* In response to the Court's request at the status

conference for evidence supporting their requested bond amount, Defendants Reynolds and Lebo filed a Declaration by Counsel Sam Langholz on September 24, 2021.  ECF No. 46-1.  Langholz's Declaration details the State's likely costs for printing briefs and attorney's fees for defending a preliminary injunction against it if ordered and appealed to the Eighth Circuit, as well as the cost of printing certiorari briefs to the U.S. Supreme Court and Langholz's salary as an Assistant Attorney General and his time spent defending the lawsuit against the State.  *Id.*  Defendants, including Defendant school districts, have provided no other evidence to support their claim for costs or fees.  The Court finds it is appropriate to waive the Rule 65(c) bond requirement in extending the TRO due to the important public interests and civil rights at issue.

In this case, the Court holds there is good cause for extending the TRO an additional fourteen days based on the procedural posture of the case and the substantial matters submitted before the Court prior to ruling on Plaintiffs' request for a preliminary injunction.  Given the important interests at stake, the Court finds good cause to extend the TRO to fully consider the evidence submitted by the parties, their briefs, and the numerous supplemental documents that have recently been filed.  For these reasons, the Court extends the TRO for an additional fourteen days.

## IV.  CONCLUSION

In conclusion, the Court grants Plaintiffs' Motion for Extension of TRO originally entered on September 13, 2021 (ECF No. 32).  The Court finds good cause exists to extend the TRO an additional fourteen days pursuant to Rule 65(c) through October 11, 2021.

IT IS THEREFORE ORDERED THAT:

1. Defendants Governor Reynolds, Director Lebo, and the school districts continue to be ENJOINED from enforcing Iowa Code section 280.31 banning local public-school districts from utilizing their discretion to mandate masks for students, staff, teachers, and visitors.

2. The Court waives any requirement for Plaintiffs to post a bond for the extension of the TRO.

3. The Temporary Restraining Order shall remain in full force and effect until October 11, 2021, when the Court will enter an Order on Plaintiffs' request for a preliminary injunction.

IT IS SO ORDERED.

Dated this 27th day of September, 2021.

ROBERT W. PRATT, Judge
U.S. DISTRICT COURT