IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| THE ARC OF IOWA et al., <br><br> Plaintiffs, <br><br> v. <br><br> KIM REYNOLDS, in her official capacity as Governor of Iowa, et al. <br><br> Defendants. | Case No. 4:21-CV-00264-RP-SBJ <br><br><br> **Defendants Governor Kim Reynolds and Ann Lebo's Motion to Dismiss** |

COME NOW Defendants Governor Kim Reynolds and Ann Lebo (collectively, "the State") and move under Federal Rule of Civil Procedure 12(b)(1) and (b)(6) to dismiss this case:

1.  Plaintiffs sued Governor Reynolds, Iowa Department of Education Director Ann Lebo, and ten school districts, alleging that section 280.31 violates title II of the Americans with Disabilities Act ("ADA"), section 504 of the Rehabilitation Act, and the American Rescue Plan Act of 2021 ("ARPA") because it prevents their schools from implementing universal mask mandates to protect their children. Compl., Doc. 1 ¶ 76–102.

2.  But Plaintiffs claims all fail and should be dismissed under Rule 12(b)(1) and (b)(6).

3.  First, Plaintiffs lack standing for two reasons. They aren't injured by section 280.31 because it doesn't prevent schools from complying with federal law.

And any injury isn't redressed by this suit because enjoining section 280.31's enforcement won't provide them a universal mask mandate.

4.      Second, their claims are moot. The Eighth Circuit held that their request for a preliminary injunction was moot because of the changed circumstances of the pandemic. *See Arc of Iowa v. Reynolds*, 33 F.4th 1042, 1044–45 (8th Cir. 2022). That decision is now law of the case. And since they seek the same relief permanently as an injunction or declaratory judgment, the suit as a whole is also moot.

5.      Third, Plaintiffs are barred from asserting their federal-disability-law claims because they haven't exhausted administrative remedies. And even looking past this defect, the novel claims fail as a matter of law because section 280.31 is a neutral, nondiscriminatory State policy set in statute and thus doesn't violate federal disability law. Universal mask mandates in schools are not a reasonable modification to this policy because it would be an undue burden, fundamentally alter the nature of the State's education program, and infringe on the rights of others. What's more, a contrary interpretation would raise serious constitutional concerns.

6.      Finally, Plaintiffs' alternative claim based on ARPA also fails. Neither the text of the ARPA statute nor the agency guidance requires schools to impose—or have the discretion to impose—universal mask mandates. Interpreting either to impose such a requirement would raise serious constitutional concerns. And regardless, ARPA provides no private cause of action to enforce whatever requirements might be hidden somewhere in it.

7.    The State has set forth its arguments in detail in its Brief in Support of Motion to Dismiss, which is attached to its motion to file an overlength brief.

WHEREFORE, Defendants Governor Kim Reynolds and Ann Lebo request that the Complaint be dismissed, and all costs be assessed to Plaintiffs.

Respectfully submitted,

THOMAS J. MILLER
Attorney General of Iowa

JEFFREY S. THOMPSON
Solicitor General

*/s/ Samuel P. Langholz*
SAMUEL P. LANGHOLZ
Assistant Attorney General
Iowa Department of Justice
1305 E. Walnut Street, 2nd Floor
Des Moines, Iowa 50319
(515) 281-5164
(515) 281-4209 (fax)
sam.langholz@ag.iowa.gov
jeffrey.thompson@ag.iowa.gov

ATTORNEYS FOR DEFENDANTS
GOVERNOR KIM REYNOLDS AND
ANN LEBO

| **PROOF OF SERVICE** | |
| --- | --- |
| The undersigned certifies that the foregoing instrument was served upon all parties of record by delivery in the following manner on July 1, 2022: | |
| ☐ U.S. Mail | ☐ Email |
| ☐ Hand Delivery | ☐ Overnight Courier |
| ☐ Federal Express | ☐ Other |
| ☒ CM/ECF | |
| Signature: */s/ Samuel P. Langholz* | |