# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| THE ARC OF IOWA; CHARMAINE ALEXANDER, individually and on behalf of C.B., a minor; JONATHAN CRAIG, individually and on behalf of E.C. and J.C., minors; MICHELLE CROFT, individually and on behalf of J.J.B., a minor; AMANDA DEVEREAUX, individually and on behalf of P.D., a minor; CARISSA FROYUM ROISE, individually and on behalf of H.J.F.R., a minor; LIDIJA GEEST, individually and on behalf of K.G., a minor; MELISSA HADDEN, individually and on behalf of V.M.H., a minor; HEATHER LYNN PRESTON, individually and on behalf of M.P. and S.P, minors; LISA HARDISTY SITHONNORATH, individually and on behalf of A.S., a minor; REBEKAH STEWART, individually and on behalf of E.M.S., a minor; and ERIN VERCANDE, individually and on behalf of S.V., a minor,<br><br>*Plaintiffs*,<br>v.<br><br>KIM REYNOLDS, in her official capacity as Governor of Iowa; ANN LEBO, in her official capacity as Director of the Iowa Department of Education; ANKENY COMMUNITY SCHOOL DISTRICT; COUNCIL BLUFFS COMMUNITY SCHOOL DISTRICT; DAVENPORT COMMUNITY SCHOOL DISTRICT; DECORAH COMMUNITY SCHOOL DISTRICT; DENVER COMMUNITY SCHOOL DISTRICT; DES MOINES PUBLIC SCHOOLS; IOWA CITY COMMUNITY SCHOOL DISTRICT; JOHNSTON COMMUNITY SCHOOL DISTRICT; LINN MAR COMMUNITY SCHOOL DISTRICT; and WATERLOO COMMUNITY SCHOOL DISTRICT,<br><br>*Defendants*. | Case No. 4:21-cv-264<br><br><br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' PARTIALLY UNRESISTED MOTION FOR SUMMARY JUDGMENT** |

**TABLE OF CONTENTS**

|  | Page |
|---|---|
| INTRODUCTION | 1 |
| FACTUAL AND PROCEDURAL BACKGROUND | 3 |
| LEGAL STANDARD | 7 |
| ARGUMENT | 8 |
| I. There is Standing to Bring a Declaratory Judgment Claim Because A Substantial Conflict Exists Between the Parties | 8 |
| II. A Declaratory Judgment is Within This Court's Discretion. | 10 |
| III. The Court Should Enter Summary Judgment. | 11 |
| CONCLUSION | 14 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Am. Family Mutual Insurance Co.*,
 2014 WL 11788532 (S.D. Iowa 2014) ...................................................................................11

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242 (1986) ................................................................................................................7

*Arc of Iowa v. Reynolds*,
 24 F.4th 1162, *vacated and remanded*, 33 F.4th 1042 (8th Cir. 2022) ........................... passim

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986) ................................................................................................................7

*Cunningham Bros., Inc. v. Bail*,
 407 F.2d 1165 (7th Cir. 1969) ...............................................................................................11

*Fed. Ins. Co. v. Sammons Financial Group, Inc.*,
 595 F.Supp. 2d 962 (S.D. Iowa 2009) ...................................................................................11

*G.S. v. Lee*,
 558 F. Supp. 3d 601 (W.D. Tenn. 2021) ................................................................................13

*Indemnity Corp. v. Miles*,
 978 F.2d 437 (8th Cir. 1992) ...................................................................................................7

*Meredith Corp. v. Riegel Consumer Products*,
 2005 WL 290013 (S.D. Iowa 2005) ..................................................................................8, 12

*Pella Corp. v. Liberty Mutual Insurance Co.*,
 2017 WL 9285526 (S.D. Iowa 2017) .....................................................................................12

*Public Serv. Comm'n v. Wycoff Co., Inc.*,
 344 U.S. 237 (1952)) ...............................................................................................................8

*R.K. v. Lee*,
 568 F. Supp. 3d 895 (M.D. Tenn. 2021) ................................................................................13

*S.B. v. Lee*,
 566 F. Supp. 3d 835 (E.D. Tenn. 2021) .................................................................................13

*Seaman v. Virginia*,
 2022 WL 872023 (W.D. Va. 2022) ........................................................................................13

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995)..................................................................................................................10

**Statutes**

42 U.S.C Code § 12131 *et seq.* (Americans with Disabilities Act). ...................................... *passim*

9 U.S.C. § 794 *et seq.* (Rehabilitation Act). ........................................................................ *passim*

28 U.S.C. §2201 (Declaratory Judgment Act) .............................................................7, 8, 10, 11

Iowa Code § 280.31 ............................................................................................................ *passim*


**Other Authorities**

Fed. R. Civ. P. 56(a) ......................................................................................................................7

Fed. R. Civ. P. 56(c) ......................................................................................................................3

Local Rule 56(a)(3)........................................................................................................................3

## INTRODUCTION

Over a year ago, the Iowa General Assembly passed section 28 of House File 847. 2021 Iowa Acts ch. 139, § 28 (codified at Iowa Code § 280.31) (hereinafter "Section 280.31"). State Defendants (Governor Reynolds and Superintendent Lebo) invoked Section 280.31 to deny Plaintiffs equal access to education, threatening the accreditation and funding of schools that adopted masking policies as needed to protect the health, welfare, and educational opportunities of students with disabilities who face increased risks of serious health consequences from COVID-19. With this motion, Plaintiffs request this Court grant summary judgment to Plaintiffs and enter a targeted and limited declaratory judgment to address an unsettled matter about the law at issue.

Since Plaintiffs initiated this litigation, the circumstances of the COVID-19 pandemic have changed markedly, most notably through the approval and availability of COVID-19 vaccines and greater understanding of the virus' transmission and risks. But there remain some students, including some Plaintiffs, who continue to face elevated risks. There also remains continued uncertainty about the reach of Section 280.31 and thus Plaintiffs' rights. Most notably, Section 280.31 states that its ban on masking requirements does not apply if a "facial covering is . . . [required by] any other provision of law." While the Eighth Circuit intimated that these "provision[s]" could include federal civil rights laws, such that schools could require masking by others as an accommodation as required under the Americans with Disabilities Act or the Rehabilitation Act, the Court did not say so explicitly. As a result, students with disabilities, their families, and their schools have been left in uncertainty. Without judicial intervention, this legal uncertainty will continue to complicate and confuse decision-making: parents will be uncertain whether to seek accommodations, school principals and administrators may be unsure whether they can require masking as an accommodation, and students with disabilities may continue to be

excluded from schools. And State Defendants may continue to threaten schools that do require any masking with the potential loss of accreditation and funding.

Plaintiffs respectfully ask this Court to enter a judgment finding that the term "other provision[s] of law" as it is used in Section 280.31 includes Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504" or "Rehabilitation Act"). Plaintiffs also ask this Court to enter a judgment holding that Section 280.31 cannot be cited as a basis to deny a student's request for a reasonable modification or accommodation under the ADA or Rehabilitation Act that includes requiring others to wear masks. This modest request echoes the Eighth Circuit observation that the "district court should pay particular attention to Section 280.31's exception for 'any provision of law' . . . . If another state or federal law requires masks, Section 280.31 does not conflict with that law." *Arc of Iowa v. Reynolds*, 33 F.4th 1042, 1045 (8th Cir. 2022).

Entering such a declaration would not reinstate masking requirements automatically, necessitate an immediate injunction against any school or school district, or lead to an abrupt change in school policy anywhere in Iowa. Instead, it would provide important clarity to State Defendants as to the scope of their authority to enforce Section 280.31, to school administrators about their responsibilities regarding this law, and to students with disabilities regarding their rights as they approach the next school year. And it would ensure that schools do not erroneously rely on Section 280.31 to reject requests for reasonable modifications or accommodations under the ADA or Rehabilitation Act, or to reject those requests for fear of consequences from State Defendants.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 20, 2021, the Iowa General Assembly passed Section 280.31. Statement of Undisputed Material Facts ("SUMF") ¶ 1.[1] The statute took effect immediately, with approximately two weeks left in the school year. *Id.* Section 280.31 states:

> The board of directors of a school district, the superintendent or chief administering officer of a school or school district, and the authorities in charge of each accredited nonpublic school shall not adopt, enforce, or implement a policy that requires its employees, students, or members of the public to wear a facial covering for any purpose while on the school district's or accredited nonpublic school's property unless the facial covering is necessary for a specific extracurricular or instructional purpose, or is required by section 280.10 or 280.11 or any other provision of law.

SUMF ¶ 2. Section 280.31 does not delineate what "provision[s] of law" were included. SUMF ¶ 3.

In the months after passage, State Defendants vowed to enforce Section 280.31 to punish school districts that implemented mask mandates. SUMF ¶ 6. For example, Director Lebo's office warned that "school districts that choose not to follow the ban could receive citations" and "be referred to the State Board of Education," thereby risking their accreditation. *Id.* The State Defendants have never repudiated these threats. SUMF ¶ 8. While certain school districts publicly indicated their wish to reimplement mask mandates for the 2021-22 school year, they could not with these retaliatory threats looming over their choices. SUMF ¶ 9.

On September 3, 2021, Plaintiffs sued Governor Reynolds, Director Lebo, and ten school districts, alleging that the law's ban violates Title II of the ADA and Section 504 of the Rehabilitation Act by effectively excluding them from public schools and denying them equal

---

[1] Pursuant to Federal Rule of Civil Procedure 56(c) and S.D Iowa Local Rule 56(a)(3), Plaintiffs are submitting with this memorandum a statement of material undisputed facts

access to education. Plaintiffs sought an injunction against the law. ECF 1. The students with disabilities who brought this suit have a range of medical conditions that put them at heightened risk of severe illness should they contract COVID-19. Some Plaintiffs pulled their medically vulnerable children out of school; others had no choice but to send their children to school at a significant threat to their health. SUMF ¶ 11.

In response to the suit, State Defendants told this Court that Section 280.31 could not be enforced if it otherwise conflicted with "any other provision of law." SUMF ¶ 12; ECF 42 at 6 ("Section 280.31 'the facial covering . . . is required by . . . any other provision of law' . . . . So if Plaintiffs are correct that federal law requires some facial coverings in schools, section 280.31 doesn't prohibit it. No injunction of the statute's enforcement is required. A school already has it within its power to comply with any requirement of federal law.") *See also* SUMF ¶ 13; ECF 37 (9/10/21 Tr.) at 27-28 (defense counsel: "[S]ection 280.31 contains an explicit exception that allows mandates of face coverings when required by any other provision of law. That includes federal law.").

On September 13, 2021, this Court entered a TRO enjoining enforcement of Section 280.31. ECF 32. The Court found Plaintiffs were likely to succeed on the merits because "Section 280.31 seems to conflict with the ADA and section 504 of the Rehabilitation Act because it excludes disabled children from participating in and denies them the benefits of public schools' programs, services, and activities to which they are entitled." ECF 32 at 27. Following entry of the TRO, more than twenty-four school districts reintroduced some type of masking, including in eight of the ten school districts attended by Plaintiffs. SUMF ¶ 14.

On October 8, 2021, this Court granted a preliminary injunction, reaffirming its prior findings of facts and setting forth additional findings concerning events since the TRO was

entered. ECF 60. The same day, Governor Reynolds and Director Lebo appealed this Court's preliminary injunction order. ECF 61.

In briefing papers and at oral argument before the appellate court, State Defendants reiterated their position that Iowa cannot enforce the law if it otherwise conflicts with "any provision of law." SUMF ¶ 15 ("Section 280.31 permits schools to impose to mandate [sic] the wearing of masks if it 'is required by . . . any other provision of law.' The statute thus doesn't prevent schools from complying with the ADA and section 504.") But in the same brief, State Defendants oppositely asserted that the ADA and the Rehabilitation Act "do not provide a basis to override this statutory product of Iowa's democratic process." SUMF ¶ 17. State Defendants also reiterated that "a school that violates the statute—like any school law—could eventually be subject to loss of accreditation or other action by the State Board of Education if the violation is not remedied. Similarly, a school administrator that disregards the statute could be subject to professional licensure discipline by the Iowa Board of Educational Examiners." SUMF ¶ 16.

On January 25, 2022, the Eighth Circuit found that plaintiffs were entitled to a preliminary injunction, but ordered this Court upon remand to narrow the scope of the injunction to apply to the school districts where plaintiffs attended school. The panel held, "A proper injunction therefore would: (1) establish that federal disability law requires mask wearing as a reasonable accommodation and that Section 280.31 allows this; (2) prohibit Defendants from imposing a contrary reading of Section 280.31, or otherwise preventing, delaying, or failing to provide such reasonable accommodations; and (3) thereby ensure that Plaintiffs' schools may impose mask requirements as reasonable accommodations." *Arc of Iowa v. Reynolds*, 24 F.4th 1162, 1181, vacated and remanded, 33 F.4th 1042 (8th Cir. 2022). The Eighth Circuit also noted, "the plain meaning of Section 280.31 is that where federal law requires masks in school, Section

280.31 allows them . . . . Because Section 280.31 allows mask requirements to comply with the ADA or RA, it does not conflict with and is not preempted by these laws." *Id*. at 1179-80.

On May 16, 2022, the Eighth Circuit issued a new decision vacating the preliminary injunction as moot because "the current conditions differ vastly from those prevailing when the district court addressed" the current injunction. 33 F.4th 1042, 1044 (8th Cir. 2022). The Eighth Circuit also vacated its January 25, 2022 opinion.

Some of the Plaintiffs are able to safely attend school now. But others still need relief. Plaintiffs attach to this motion declarations from three doctors that demonstrate with fact-and context-specific findings that masking is still necessary for some students with disabilities to have equal access to their educations, and future waves of the pandemic may strengthen this need for these and other high-risk students with disabilities. SUMF ¶ 20 (Declaration of Dr. Lisa Menzies; Declaration of Dr. Stephen Mooradian; Letter of Dr. Tim Starner). These declarations confirm, for example, that particular Plaintiffs remain at high risk for severe complications or medical problems like needed ventilatory support if they become infected with COVID-19. SUMF ¶ 20 (Dr. Menzies Dec. ¶ 5; Dr. Mooradian Dec. ¶ 9). They make clear that requiring individuals around the Plaintiff to mask remains the expert recommendation of these Plaintiffs' doctors. SUMF ¶ 20 (Dr. Menzies Dec. ¶ 11; Dr. Mooradian Dec. ¶¶ 13, 16). They also establish that masking, while not a panacea, continues to be an important tool to slow the spread of disease, particularly when county transmission is high. SUMF ¶ 20 (Dr. Menzies Dec. ¶ 11). While much has changed since this litigation was initiated, the underlying need for the possibility of granting reasonable accommodations has not.

As recounted in Plaintiffs' Partially Unresisted Motion for Summary Judgment, all Defendants were asked if they would stipulate to language that "the term 'other provision[s] of

law' as it is used in Section 280.31 include Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act," and "that Section 280.31 cannot be cited as a basis to deny a student's request for reasonable modification or accommodation that includes requiring others to wear masks." State Defendants oppose this proposed stipulation. Iowa City so stipulated. Counsel for all other Defendants stated they were unable to agree at this time or otherwise did not provide a position.

## LEGAL STANDARD

A court may grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party has met its burden, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial" to defeat the motion. *Celotex Corp.*, 477 U.S. at 324. At this stage of litigation, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The Declaratory Judgment Act establishes, "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a).

The Eighth Circuit has counseled that such a controversy exists when "[t]he lines are drawn [and] the parties are at odds." *Capital Indemnity Corp. v. Miles*, 978 F.2d 437, 438 (8th

Cir. 1992). Once the court determines it has the jurisdictional authority to issue a declaratory judgment, it should weigh discretionary considerations that guide the appropriateness of this form of relief. There are two principal situations when it is proper to grant declaratory relief: "1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue; and 2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceedings." *Meredith Corp. v. Riegel Consumer Prods.*, 4:04-CV-90273, 2005 WL 290013 at *3 (S.D. Iowa Jan. 31, 2005) (Pratt, J.).

## ARGUMENT

### I. There is Standing to Bring a Declaratory Judgment Claim Because A Substantial Conflict Exists Between the Parties

Plaintiffs have standing to challenge the enforcement of Section 280.31, and their action satisfies the prerequisites of subject matter jurisdiction. Students with disabilities, including Plaintiffs, do not have certainty regarding the scope of their rights. In particular, given State Defendants' position, students and their families do not know if they request a masking requirement as a reasonable accommodation or modification whether Section 280.31 will prevent consideration of their requirement. This lack of certainty will create confusion before the start of the 2022-2023 school year, and frustrate their ability to obtain quick relief in the future if pandemic-related circumstances (*e.g.,* more virulent strains) require prompt action.

The Declaratory Judgment Act exists to prevent this precise type of scenario—serving as "an instrument to protect the citizen against the dangers and damages that may result from his erroneous belief as to his rights under state or federal law." *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 250-51 (1952) (Reed, J., concurring). Without a declaratory judgment from this Court, school districts could, and do, erroneously believe that they cannot consider masking as a

reasonable accommodation, regardless of the individual circumstances and evidence presented, because of Section 280.31. For example, on May 27, 2022 the Superintendent of the Iowa City School District wrote in a message to families and staff that "the U.S. Court of Appeals for the 8th Circuit ruled that school districts cannot universally require facemasks to be worn." SUMF ¶ 19.

These erroneous beliefs stem directly from State Defendants' statements and actions, which have fostered fear and confusion. In the weeks leading up to and the early days of the 2021-2022 school year, State Defendants threatened school districts that were considering masking requirements. SUMF ¶¶ 6, 7, 8. On appeal, State Defendants said Section 280.31 does not block enforcement of the ADA, *and* that "the ADA and the Rehab Act do not override neutral local school district policies" and thus do not "provide a basis to override this statutory product of Iowa's democratic process." SUMF ¶ 17. State Defendants also reiterated that "a school that violates the statute—like any school law—could eventually be subject to loss of accreditation or other action by the State Board of Education if the violation is not remedied." SUMF ¶ 8.

This confusion persists in the present. Today, State Defendants continue to refuse to recognize the rights of students with disabilities to request reasonable modifications. In particular, State Defendants oppose a stipulation "that Section 280.31 cannot be cited as a basis to deny a student's request for reasonable modification that includes requiring others to wear masks." Other Defendants, with the exception of Iowa City (which so stipulated), did not state a position on the proposed stipulation. Students should not pay the price for the confusion created by State Defendants' contradictory and shifting interpretations.

Plaintiffs' concrete and particularized injury in fact remains fairly traceable to State Defendants' interpretation and threatened enforcement of section 280.31. As Judge Kelly noted in her dissent, "[T]he record showed that Defendants were preventing schools from providing reasonable accommodations in the form of mask requirements despite the unambiguous exception in Section 280.31 for when a face covering is required by 'any other provision of law.'" *Arc of Iowa v. Reynolds*, 33 F.4th at 1048 (Kelly, J., dissenting). Until State Defendants renounce their authority to punish schools that consider masking as part of the reasonable accommodation process, this controversy will be live and ongoing.

## II. A Declaratory Judgment is Within This Court's Discretion.

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act," with, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 288 (1995). Context guides the use of this discretion. "The degree of discretion bestowed upon the district court to stay or dismiss a declaratory judgment action . . . varies depending on the context surrounding the dispute." *Fed. Ins. Co. v. Sammons Fin. Grp., Inc.*, 595 F. Supp. 2d 962, 974 (S.D. Iowa 2009) (Pratt, J.).

Here, Plaintiffs present a straightforward request for clarification of unresolved legal issues. This is precisely the type of claim well-suited for judicial resolution. Without a declaratory judgment, the dispute over the Section 280.31 will cast a shadow over decision-making by schools and families with students with disabilities, adding to the prospect of harm. Absent clarity, schools may believe they cannot require masking of any kind, *see, e.g.,* SUMF ¶ 19, or that if they require masking, they may be penalized by state officials, *see, e.g.,* SUMF ¶¶

6-8. Similarly, students with disabilities and their families will be deterred from seeking masking accommodations on the mistaken belief that such a request would be futile in light of State Defendants' numerous statements regarding enforcement of Section 280.31. And absent clarity, precious judicial resources will be wasted in potentially emergency litigation scenarios. And Plaintiffs will experience severe and avoidable injury from missed school days, segregation from their peers, angst, anxiety, and uncertainty.

All this harm should be avoidable given the clear indication from the Eighth Circuit that federal disability rights statutes are other "provision[s] of law" within the meaning of Section 280.31. Because "the 'primary purpose' of the Declaratory Judgment Act [is] 'to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damages had accrued,'" the discretionary considerations favor a declaratory judgment in this case. *Adams v. Am. Family Mutual Ins. Co.*, 4:13-cv-226, 2014 WL 11788532 at *9 (S.D. Iowa 2014) (Pratt, J.) (quoting *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1167-68 (7th Cir. 1969)).

This Court has observed that "a declaratory judgment action" can "see[k] legal clarity in the event of hypothetical future claims . . . ." *Pella Corp. v. Liberty Mutual Ins. Co.*, 4:11–cv–00273, 2017 WL 9285526 at *3 (S.D. Iowa 2017). Depending on changed COVID conditions, individual families will likely continue to need to bring such future claims that request masking as an modification under the ADA or Rehabilitation Act. The nature of these claims makes declaratory relief, as compared to injunctive relief, discretionarily proper.

### III.     The Court Should Enter Summary Judgment.

A declaratory judgment "will serve a useful purpose in clarifying and settling the legal relations in issue" and "will terminate and afford relief from the uncertainty, insecurity, and

11

controversy giving rise to the proceedings." *Meredith Corp.*, 2005 WL 290013 at *3. Specifically, the Court should find that "other provision[s] of law" include the ADA and Rehabilitation Act. And the Court should clarify that Section 280.31 cannot be cited by any of Defendants as a basis to deny a student's request for reasonable modification that includes requiring others to wear masks.

The Eighth Circuit's panel opinion invites, and almost calls on, the district court to enter such a judgment. The Eighth Circuit observed that "district court should pay particular attention to Section 280.31's exception for 'any other provision of law' . . . . If another state or federal law requires masks, Section 280.31 does not conflict with that law." *Arc of Iowa,* 33 F.4th at 1045.

This Court has already determined that masking requirements may be required as a modification under the ADA or Rehabilitation Act. In the TRO decision, this Court recognized that "by enforcing the ban, Defendants appear to be violating the ADA's requirement that schools must provide 'reasonable modifications' to disabled students in order to provide them with equal access to school programs, services, and activities." *Arc of Iowa*, 559 F. Supp. at 880. In the preliminary injunction decision, this Court indicated that it "agrees" with Plaintiffs' claim that masking requirements can be "a reasonable modification that will allow their children the meaningful access to education that they seek." *Arc of Iowa*, 2021 WL 4737902 at *8. *See also id.* at *9 (determining that "universal masking policies are a reasonable modification, which public schools are required to provide"). On this point, the Southern District of Iowa is no outlier. Multiple other district courts have since recognized masking as an available reasonable modification under the ADA. *See, e.g.*, *Seaman v. Virginia*, No. 3:22-cv-00006, 2022 WL 872023 (W.D. Va. Mar. 23, 2022); *G.S. v. Lee*, 558 F. Supp. 3d 601 (W.D. Tenn. 2021); *S.B. v.*

*Lee*, 566 F. Supp. 3d 835 (E.D. Tenn. 2021); *R.K. v. Lee*, 568 F. Supp. 3d 895 (M.D. Tenn. 2021).

These judicial findings are entirely consistent with Judge Kelly's observation that:

> Irrespective of the outcome of this litigation, parents of children with disabilities may still seek accommodations to ensure their children may safely access their schools as the COVID-19 pandemic wears on. Section 280.31 explicitly includes an exception when "any other provision of law" requires face coverings. Schools are equipped to determine on an individualized, case-by-case basis—just as schools do for any other type of reasonable accommodation request — whether a mask requirement for certain people or places in the school building is a reasonable accommodation under the ADA and Rehabilitation Act. This is what federal law requires, and what Section 280.31 — and Defendants who are charged with enforcing it — must allow.

*Arc of Iowa*, 33 F.4th at 1050 (Kelly, J., dissenting).

State Defendants themselves at times acknowledged in prior proceedings that if federal law requires some masks in schools, Section 280.31 does not prohibit it. State Defendants posited before the Eighth Circuit, "Section 280.31 doesn't prohibit any actions of a school where "the facial covering . . . is required by . . . any other provision of law. So even if Plaintiffs are correct that federal law requires some masks in schools, section 280.31 doesn't prohibit it. . . . A school already has it within its power to comply with any requirement of federal law." SUMF ¶ 12.

And State Defendants have also seemingly suggested declaratory relief may be an appropriate way to resolve this controversy, as compared to seeking injunctive relief. They told the Eighth Circuit that "Plaintiffs might be able to request some relief other than the granted injunction to seek resolution of these disputes" if "Plaintiffs are correct that universal mask mandates in schools are required by federal disability law." SUMF ¶ 18.

13

With a divergent understanding of federal disability law, this Court should weigh in on which side has the correct interpretation.

For the reasons described above, the standard for declaratory relief is clearly satisfied here, and the Court should enter summary judgment on behalf of the Plaintiffs.

## CONCLUSION

For the foregoing reasons, this Court should enter a declaratory judgment as described above.

Respectfully submitted,

**AMERICAN CIVIL LIBERTIES UNION OF IOWA**

/s/ Rita Bettis Austen
Rita Bettis Austen, AT0011558
Shefali Aurora, AT0012874
Leah Patton, AT0006022
**ACLU of Iowa Foundation Inc.**
505 Fifth Avenue, Suite 901
Des Moines, IA 50309-2316
Telephone: 515-243-3988
Facsimile: 515-243-8506
rita.bettis@aclu-ia.org
shefali.aurora@aclu-ia.org
leah.patton@aclu-ia.org

**DISABILITY RIGHTS IOWA**
Cynthia A. Miller (AT0005382)
Catherine Johnson (AT0004006)
666 Walnut Street, Suite 1440
Des Moines, IA 50309
T: (515) 278-2502
E: cmiller@driowa.org
E: cjohnson@driowa.org

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Louise Melling*

125 Broad St.
New York, NY 10004
T: (212) 549-2637
E: lmelling@aclu.org

Susan Mizner*
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0781
E: smizner@aclu.org

**ARNOLD & PORTER KAYE SCHOLER LLP**
John A. Freedman*
601 Massachusetts Ave, NW
Washington, DC 20001
T: 202.942.5316
E: john.freedman@arnoldporter.com

**THE ARC**
Shira Wakschlag*
The Arc of the United States
1825 K Street, NW, Suite 1200
Washington, DC 20006
Telephone: 202-534-3708
Facsimile: 202-534-3731
E: wakschlag@thearc.org

**DUFF LAW FIRM, PLC**
Thomas J. Duff
The Galleria
4090 Westown Pkwy, Suite 102
West Des Moines, Iowa 50266
Telephone: (515) 224-4999
Fax: (515) 327-5401
E : tom@tdufflaw.com

*Attorneys for the Plaintiffs*

Dated: July 1, 2022

*Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system.

All participants in this case are registered CM/ECF users and will served by the CM/ECF system.

Date: July 1, 2022

/s/Rita Bettis Austen
Rita Bettis Austen