# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRT OF IOWA

| | |
|---|---|
| THE ARC OF IOWA; CHARMAINE ALEXANDER, individually and on behalf of C.B., a minor; JONATHAN CRAIG, individually and on behalf of E.C. and J.C., minors; MICHELLE CROFT, individually and on behalf of J.J.B., a minor; AMANDA DEVEREAUX, individually and on behalf of P.D., a minor; CARISSA FROYUM ROISE, individually and on behalf of H.J.F.R., a minor; LIDIJA GEEST, individually and on behalf of K.G., a minor; MELISSA HADDEN, individually and on behalf of V.M.H., a minor; HEATHER LYNN PRESTON, individually and on behalf of M.P. and S.P, minors; LISA HARDISTY SITHONNORATH, individually and on behalf of A.S., a minor; REBEKAH STEWART, individually and on behalf of E.M.S., a minor; and ERIN VERCANDE, individually and on behalf of S.V., a minor,<br><br>   *Plaintiffs*,<br> v.<br><br>KIM REYNOLDS, in her official capacity as Governor of Iowa; ANN LEBO, in her official capacity as Director of the Iowa Department of Education; ANKENY COMMUNITY SCHOOL DISTRICT; COUNCIL BLUFFS COMMUNITY SCHOOL DISTRICT; DAVENPORT COMMUNITY SCHOOL DISTRICT; DECORAH COMMUNITY SCHOOL DISTRICT; DENVER COMMUNITY SCHOOL DISTRICT; DES MOINES PUBLIC SCHOOLS; IOWA CITY COMMUNITY SCHOOL DISTRICT; JOHNSTON COMMUNITY SCHOOL DISTRICT; LINN MAR COMMUNITY SCHOOL DISTRICT; and WATERLOO COMMUNITY SCHOOL DISTRICT,<br><br>   *Defendants*. | Case No. 4:21-cv-264<br><br><br><br><br><br>**PLAINTIFFS' RULE 56(c) STATEMENT OF UNDISPUTED MATERIAL FACTS** |

**RULE 56(C) STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56(c) and Local Rule 56(a)(3), Plaintiffs state that the following material facts are undisputed:

1. On May 20, 2021, the Iowa General Assembly passed Section 280.31. The statute took effect immediately, with approximately two weeks left in the school year.

2. Section 280.31 states:

> The board of directors of a school district, the superintendent or chief administering officer of a school or school district, and the authorities in charge of each accredited nonpublic school shall not adopt, enforce, or implement a policy that requires its employees, students, or members of the public to wear a facial covering for any purpose while on the school district's or accredited nonpublic school's property unless the facial covering is necessary for a specific extracurricular or instructional purpose, or is required by section 280.10 or 280.11 or any other provision of law.

Iowa Code § 280.31

3. Section 280.31 does not delineate what "provision[s] of law" are included. *Id.*

4. In August 2021, with the emergence of the Delta variant, new COVID-19 cases soared, hospitalizations reached the highest point for the year to date, and COVID-19 related deaths increased rapidly in Iowa and nationally. Pl. Appx. at 59-60 (Iowa COVID hospitalizations highest since January, 25% increase since last week to nearly 500.", Des Moines Register (Aug. 26, 2021), https://www.desmoinesregister.com/story/news/health/2021/08/26/iowa-covid-19-hospitalization-rate-positive-cases-surges-delta-variant/5541193001); Pl. Appx. at 64-66; ("Children make up nearly a quarter of new COVID-19 cases in Iowa", Des Moines Register (Sept. 1, 2021), https://www.desmoinesregister.com/story/news/health/2021/09/01/covid-19-iowa-testing-data-shows-kids-make-up-22-percent-cases/8167419002).

5. Public health and education officials—including the American Medical Association, the Infectious Disease Society of America, the Iowa Medical Society, the Iowa Chapter of the

American Academy of Pediatrics, and the health departments of Iowa's three most populous counties—reiterated their calls for continued masking in Iowa schools. Pl. Appx. at 28-29 (Waddell Decl. ¶¶ 22-24); Pl. Appx. at 50 (Srinivas Decl.) ¶ 32; ECF 3-1, ECF 3-2.

6. In the face of COVID-19, Defendants Reynolds and Lebo ("State Defendants") indicated they would enforce Section 280.31 against school districts that implemented mask mandates. For example, Director Lebo's office warned that "school districts that choose not to follow the ban could receive citations" and "be referred to the State Board of Education," thereby risking their accreditation.  Pl. Appx. at 70 ("Can Iowa Schools Defy the State's COVID Mask Ban Like Florida and Texas Schools Are?", Des Moines Register (Aug. 16, 2021), https://www.desmoinesregister.com/story/news/politics/2021/08/16/what-backlash-could-schools-face-if-they-defy-iowas-mask-mandate-ban-kim-reynolds-cdc-covid/5512069001/); Pl. Appx. at 73 ("Gov. Reynolds issues a statement in response to the Biden Administration's latest letter", Aug. 30, 2021, https://governor.iowa.gov/press-release/%C2%A0gov-reynolds-issues-a-statement-in-response-to-the-biden-administration%E2%80%99s-latest).

7. Similarly, on August 30, 2021, after the U.S. Department of Education announced an investigation into whether Iowa's mask ban required schools to violate federal disability law, Governor Reynolds proclaimed, "In Iowa, we will continue to support individual liberty over government mandates." Pl. Appx. 73; ECF-17.

8. Director Lebo and Governor Reynolds have never repudiated these statements. To the contrary, in their appellate briefing, they specifically warned "a school that violates the statute—like any school law—could eventually be subject to loss of accreditation or other action by the State Board of Education if the violation is not remedied. Similarly, a school administrator that

disregards the statute could be subject to professional licensure discipline by the Iowa Board of Educational Examiners." Pl. Appx. at 79; Appellant Br., Oct. 19, 2021, Dkt. 5088857 at 12.

9. While certain school districts publicly indicated their wish to reimplement mask mandates for the 2021-22 school year, they did not do so because of the Defendants' statements. Pl. Appx. at 57; ECF 28-1 (Letter from C. Joseph Holland, Sept. 10, 2021).

10. The Plaintiff students with disabilities have a range of medical conditions that put them at heightened risk of severe illness should they contract COVID-19.  Pl. Appx. 123-69; ECF 3-2 ¶ 27, 3-3, 3-4, 3-5, 3-6, 3-7, 3-8, 3-9, 3-10, 3-11, 3-12, 48-5, 48-6, 48-7, 48-8, 48-10, 48-11, 48-13, 48-14.

11. In the absence of masking, some Plaintiffs pulled their medically vulnerable children out of school; others had no choice but to send their children to school at a significant threat to their health.  *Id;* Pl. Appx. 154-57, 166-67; ECF 48-5; ECF 48-6; ECF 48-13.

12. State Defendants told this Court that "Section 280.31 doesn't prohibit any actions of a school where 'the facial covering . . . is required by . . . any other provision of law' . . . . So if Plaintiffs are correct that federal law requires some facial coverings in schools, section 280.31 doesn't prohibit it. No injunction of the statute's enforcement is required. A school already has it within its power to comply with any requirement of federal law." Pl. Appx. at 81; ECF 42 at 6.

13. At the hearing before this Court, State Defendant's counsel stated that "[S]ection 280.31 contains an explicit exception that allows mandates of face coverings when required by any other provision of law. That includes federal law." Pl. Appx. 174-75; ECF 37 (9/10/21 Tr.) at 27-28.

14. Following entry of the TRO, more than twenty-four school districts reintroduced some type of masking, including in eight of the ten school districts attended by Plaintiffs. Pl.

Appx. 154-55; ECF 48-2 ¶¶ 2, 3(a)-(x), ECF 48-5, 48-6, 48-7, 48-8, 48-9, 48-10, 48-11, 48-13, 48-14, 48-15.

15. In briefing papers, State Defendants reiterated their position that "Section 280.31 permits schools to impose to mandate [sic] the wearing of masks if it 'is required by . . . any other provision of law.' The statute thus doesn't prevent schools from complying with the ADA and section 504.". Pl. Appx. at 80; Appellant Br., Oct. 19, 2021, Dkt. 5088857 at 18. *See also* Pl. Appx. at 81; Appellant Br., Oct. 19, 2021, Dkt. 5088857 at 23 ("even if Plaintiffs are correct that federal law requires some masks in schools, section 280.31 doesn't prohibit it.).

16. In briefing on appeal, State Defendants specifically warned that "a school that violates the statute--like any school law--could eventually be subject to loss of accreditation or other action by the State Board of Education if the violation is not remedied. Similarly, a school administrator that disregards the statute could be subject to professional licensure discipline by the Iowa Board of Educational Examiners." Pl. Appx. at 79; Appellant Br., Oct. 19, 2021, Dkt. 5088857 at 12.

17. In the same briefing, State Defendants further stated that "the ADA and the Rehab Act do not override neutral local school district policies" and thus do not "provide a basis to override this statutory product of Iowa's democratic process." Pl. Appx. at 85.

18. In the same briefing, State Defendants told the Eighth Circuit that "Plaintiffs might be able to request some relief other than the granted injunction to seek resolution of these disputes" if "Plaintiffs are correct that universal mask mandates in schools are required by federal disability law." Pl. Appx. at 82.

19. On May 27, 2022, the Superintendent of the Iowa City School District wrote in a message to families and staff that "the U.S. Court of Appeals for the 8th Circuit ruled that school

districts cannot universally require facemasks to be worn." Pl. Appx. at 75-76 (Declaration of Michelle Croft).

20. Three physicians who treat plaintiffs have determined that requiring individuals around the Plaintiff to mask is still necessary for some students with disabilities to have equal access to their educations, and future waves of the pandemic may strengthen this need. Pl. Appx. at 4-15 (Declaration of Dr. Lisa Menzies; Declaration of Dr. Stephen Mooradian); Pl. Appx. at 17-19 (Declaration of Carissa Froyum Roise, Letter of Dr. Tim Starner).

Respectfully submitted,

**AMERICAN CIVIL LIBERTIES UNION OF IOWA**

/s/ Rita Bettis Austen
Rita Bettis Austen, AT0011558
Shefali Aurora, AT0012874
Leah Patton, AT0006022
**ACLU of Iowa Foundation Inc.**
505 Fifth Avenue, Suite 901
Des Moines, IA 50309-2316
Telephone: 515-243-3988
Facsimile: 515-243-8506
rita.bettis@aclu-ia.org
shefali.aurora@aclu-ia.org
leah.patton@aclu-ia.org

**DISABILITY RIGHTS IOWA**
Cynthia A. Miller (AT0005382)
Catherine Johnson (AT0004006)
666 Walnut Street, Suite 1440
Des Moines, IA 50309
T: (515) 278-2502
E: cmiller@driowa.org
E: cjohnson@driowa.org

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Louise Melling*
125 Broad St.
New York, NY 10004

T: (212) 549-2637
E: lmelling@aclu.org

Susan Mizner*
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0781
E: smizner@aclu.org

**ARNOLD & PORTER KAYE SCHOLER LLP**
John A. Freedman*
601 Massachusetts Ave, NW
Washington, DC 20001
T: 202.942.5316
E: john.freedman@arnoldporter.com

**THE ARC**
Shira Wakschlag*
The Arc of the United States
1825 K Street, NW, Suite 1200
Washington, DC 20006
Telephone: 202-534-3708
Facsimile: 202-534-3731
E: wakschlag@thearc.org

**DUFF LAW FIRM, PLC**
Thomas J. Duff
The Galleria
4090 Westown Pkwy, Suite 102
West Des Moines, Iowa 50266
Telephone: (515) 224-4999
Fax: (515) 327-5401
E : tom@tdufflaw.com

*Attorneys for the Plaintiffs*

Dated: July 1, 2022

*Admitted pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system.

All participants in this case are registered CM/ECF users and will served by the CM/ECF system.

Date: July 1, 2022

/s/Rita Bettis Austen
Rita Bettis Austen