IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| ARC OF IOWA, et. al,<br><br>  Plaintiff,<br><br>v.<br><br>KIM REYNOLDS, et. al,<br><br>  Defendants. | Case No. 4:21-cv-00264<br><br><br><br>**BRIEF IN SUPPORT OF<br>MOTION TO DISMISS COMPLAINT** |

     COME NOW, Defendants Ankeny Community School District, Davenport Community School District, Decorah Community School District, Denver Community School District, Des Moines Public Schools, Johnston Community School District, Linn Mar Community School District, and Waterloo Community School District (collectively "Districts"), and submit the following Brief in Support of their Motion to Dismiss Complaint.

## I. BACKGROUND

     The Complaint in this case is based on circumstances that simply no longer exist.  Since Plaintiffs' assertion of their claims of disability discrimination on September 3, 2021, an entire school year has passed and the landscape as it relates to COVID-19 has changed in significant ways, including the availability of COVID-19 vaccines to children.  In light of these dramatically different surroundings, the health situations and education experiences underpinning Plaintiffs' claims are likewise different, making this Complaint now moot.  In addition, Plaintiffs do not articulate how the actions of State officials cause the Districts to be indispensable parties, and the Complaint fails to state an actionable claim as regards them.  There is no relief that could be granted by this Court as sought by the Complaint.  Therefore, the Complaint should be dismissed.

## II. ARGUMENT

### A. THE EIGHTH CIRCUIT HAS DETERMINED PLAINTIFFS' CIRCUMSTANCES HAVE CHANGED.

On September 23, 2021, Plaintiffs filed a Complaint joining Districts as defendants, asserting that Districts are "indispensable but not adverse parties" regarding application of Iowa Code Section 280.31. On May 16, 2022, on appeal by Defendants Kim Reynolds, Governor of Iowa, and Ann Lebo, Director of the Iowa Department of Education, the United States Court of Appeals for the Eighth Circuit vacated this Court's opinion and entry of a preliminary injunction against enforcement of Iowa Code Section 280.31. The Eighth Circuit vacated this Court's preliminary injunction because "[t]he passage of time and acts of third parties have mooted [it]." *Arc of Iowa v. Reynolds*, 33 F.4th 1042, 1044 (8th Cir. 2022).

The Eighth Circuit determined the issues surrounding the preliminary injunction are moot because "the current conditions differ vastly from those prevailing when [this Court] addressed it" including the emergence of Omicron as the predominant, less concerning variant of COVID-19 and the new, widespread availability of COVID-19 vaccines to children.[1] *See id.* The Eighth Circuit found:

> COVID-19 vaccines are now available to children and adolescents over the age of four, greatly decreasing Plaintiffs' children's risk of serious bodily injury or death from contracting COVID-19 at school. Further, when Plaintiffs sought a preliminary injunction, delta was the dominant variant, producing high transmission rates and case loads throughout the country. Now, omicron has become dominant and subsided, leaving markedly lower transmission rates and case loads throughout Iowa and the country.

---

[1] Since the date of the Eighth Circuit's decision, COVID-19 vaccines have been made even more available, from boosters for older children and vaccines to children as young as six months of age. Centers for Disease Control and Prevention, COVID-19 Vaccination for Children, *at* https://www.cdc.gov/vaccines/covid-19/planning/children.html#covid19-vax-recommendations (last accessed June 29, 2022) ("CDC recommends COVID-19 vaccines for everyone ages 6 months and older, and boosters for everyone ages 5 years and older if eligible.").

*Id.* The Eighth Circuit further determined "[n]o court could grant effective relief as sought for the preliminary injunction because enjoining Defendants' enforcement of Section 280.31 has no effect on Plaintiffs' children, whose risk of contracting COVID-19 at school is now low even without mask requirements, as is their risk of serious injury or death." *Id.* at 1045.

### B. BECAUSE PLAINTIFFS' CIRCUMSTANCES HAVE CHANGED, THE COMPLAINT IS NOW MOOT AND SHOULD BE DISMISSED.

The role of this Court is limited "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Oil Workers v. Missouri*, 361 U.S. 363, 367, 80 S. Ct. 391, 394, 4 L. Ed. 2d 373 (1960) (quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S. Ct. 132, 133, 40 L. Ed. 293 (1895)). A case is considered moot when changed circumstances mean the court cannot grant effective relief. *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc). A case may also be considered moot for prudential reasons. *Id.* at 724.

The issues surrounding the preliminary injunction are the very same issues surrounding the claims of disability discrimination asserted in the Complaint. Just as the Eighth Circuit found that no court could grant effective relief for the preliminary injunction because of the change in circumstances regarding COVID-19 risk, there is no relief that could be granted by this Court as sought by the Complaint. *See id.* at 723. Therefore, the Complaint is moot and should be dismissed.

Without the same circumstances that existed when the Complaint was filed, Plaintiffs are essentially asking this Court for an advisory opinion on the scope of Iowa Code Section 280.31. *See Oil Workers*, 361 U.S. at 367, 80 S. Ct. at 394, 4 L. Ed. 2d 373. However, the Eighth Circuit made it clear that Iowa Code Section 280.31 unambiguously states it does not apply if another

state or federal law requires masks. *See Arc of Iowa*, 33 F.4th at 1045. In the event that any Plaintiffs may have an actual controversy arising out of this framework, they retain the ability to litigate it anew – and Districts retain the ability to defend it – based on their changed health and education circumstances.

### C. THE DISTRICTS ARE NOT INDISPENSABLE PARTIES AND THE COMPLAINT FAILS TO STATE AN ACTIONABLE CLAIM AS REGARDS THEM.

In addition, Plaintiffs do not articulate how the actions of State officials cause the Districts to be "indispensable but not adverse parties," or in any other way necessary parties, to the relief sought by the Complaint.

Federal Rule of Civil Procedure 12(b)(6) provides for a pre-answer motion based on the defense of "failure to state a claim upon which relief can be granted." For a plaintiff to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 570 (2007)). This standard "demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Id*. at 678. A complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S at 555. Although a district court must accept the factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party, mere "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement" are not sufficient. *Id*. at 557; *see also Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009). A plaintiff's "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662, 678 (2009).

Here, the Complaint fails to state an actionable claim against the Districts. The Complaint instead targets the actions of State officials – Plaintiffs claim, "Defendant State Officials' actions have put parents in the impossible situation of having to choose between their child's heath [sic] and their child's education," "Defendant State Officials are violating Title II of the ADA, Section 504 of the Rehabilitation Act, and the Supremacy Clause of the United States Constitution," and "Defendant State Officials have directly harmed and continue to harm each of the named Plaintiffs." Complaint at ¶¶ 58-59, 61. It is clear from the face of the Complaint, and the ensuing proceedings to date, that Plaintiffs' real dispute lies with Defendants Kim Reynolds and Ann Lebo regarding the enforcement of Iowa Code Section 280.31.

As regards the Districts, the Complaint contains vague and conclusory allegations which do not provide a sufficient basis for a plausible claim for relief. *See Twombly*, 500 U.S. at 570. Plaintiffs filed the Complaint asserting that the Districts are "indispensable but not adverse parties." Complaint at ¶ 27. It is clear the Plaintiffs believe the Districts' participation is necessary not because of any actual dispute between them, but because of their alleged role in "implementing" HF 847. See Complaint at ¶¶ 1-3. However, the Districts are not necessary parties because complete relief can be obtained absent their participation in the action. *See LLC Corp. v. Pension Ben. Guar. Corp.*, 703 F.2d 301, 305 (8th Cir. 1983) (discussing Federal Rule 19 and explaining that a "speculative possibility of further litigation" is not grounds for required joinder because the focus is on relief between the parties). The relief that the Plaintiffs seek from the State officials is independent of the Districts. *See Estate of McFarlin ex rel. Laass v. City of Storm Lake*, 277 F.R.D. 384, 391 (N.D. Iowa 2011). Indeed, such relief is independent of every other school district in the state, which the Plaintiffs did not deem necessary parties, and warrants dismissal of the Districts. *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (holding

that where a defendant was "not an indispensable party" as defined by Rule 19, the district court properly dismissed the plaintiffs' claim against said defendant pursuant to Rule 21).

Therefore, the Complaint fails to state a claim upon which relief can be granted and should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Complaint against the Districts should be dismissed.

/s/ Miriam D. Van Heukelem
Miriam D. Van Heukelem (AT0010074)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309
Telephone:   515-243-7611
Facsimile:   515-243-2149
E-mail:   mvanheukelem@ahlerslaw.com


/s/ Kristy M. Latta
Kristy M. Latta (AT0004519)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309
Telephone:   515-243-7611
Facsimile:   515-243-2149
E-mail:   klatta@ahlerslaw.com

ATTORNEYS FOR DEFENDANTS ANKENY COMMUNITY SCHOOL DISTRICT, DAVENPORT COMMUNITY SCHOOL DISTRICT, DECORAH COMMUNITY SCHOOL DISTRICT, DENVER COMMUNITY SCHOOL DISTRICT, DES MOINES PUBLIC SCHOOLS, JOHNSTON COMMUNITY SCHOOL DISTRICT, LINN MAR COMMUNITY SCHOOL DISTRICT, AND WATERLOO COMMUNITY SCHOOL DISTRICT

Original electronically filed.
Copy served electronically:

Rita Bettis Austen, Shefali Aurora, and Leah Patton
ACLU of Iowa Foundation Inc.
505 Fifth Avenue, Suite 901
Des Moines, IA 50309-2316

Cynthia A. Miller and Catherine Johnson
Disability Rights Iowa
666 Walnut Street, Suite 1440
Des Moines, IA 50309

Louise Melling
American Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004

Susan Mizner
American Civil Liberties Union Foundation
39 Drumm Street
San Francisco, CA 94111

John A. Freedman and Tara L. Williamson
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave, NW
Washington, DC 20001

Shira Wakschlag
The Arc of the United States
1825 K Street, NW, Suite 1200
Washington, DC 20006

Thomas J. Duff and Jim T. Duff
Duff Law Firm, PLC
4090 Westown Parkway, Suite 102
West Des Moines, IA 50266

Timothy A. Clausen
Klass Law Firm, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA 51106

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings, on _August 1, 2022_

By  ☐ U.S. Mail            ☐ Fax
    ☐ Hand Delivery        ☐ Overnight Carrier
    ☒ Electronically through CM-ECF    ☐ E-mail
    ☐ Electronically through Efile

Signature   */s/ Anne Stokely*