IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| THE ARC OF IOWA et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KIM REYNOLDS, in her official capacity as Governor of Iowa, et al.<br><br>Defendants. | Case No. 4:21-CV-00264-RP-SBJ<br><br>**Defendants Governor Kim Reynolds and Ann Lebo's Resistance to Plaintiffs' Motion for Summary Judgment** |
|---|---|

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... 2
STANDARD FOR SUMMARY JUDGMENT ............................................................. 4
ARGUMENT .................................................................................................................. 4
    I.   Plaintiffs' summary judgment motion should be denied because the entire case must be dismissed for the reasons stated in the State Defendants' motion to dismiss. ................................................................................................. 4
    II.  Plaintiffs can't obtain summary judgment on a declaratory judgment that they haven't asked for in their complaint and is divorced from their asserted claims. ............................................................................................... 6
    III. Plaintiffs' requested declaratory judgment that the ADA and Rehabilitation Act are "other provision[s] of law" should be denied because it resolves no dispute. .................................................................................... 8
    IV. Plaintiffs' requested declaratory judgment that section 280.31 can never be cited as a reason for denying an accommodation request is an inaccurate statement of the law that flips section 280.31 and federal disability law around backwards. ....................................................................................... 11
CONCLUSION ............................................................................................................. 13

# INTRODUCTION

Over a year ago, the Legislature passed, and Governor Reynolds signed, legislation enacting section 280.31 of the Iowa Code into law. *See* Act of May 20, 2021 (H.F. 847), ch. 139, § 28, 2021 Iowa Acts 333, 340 (codified at Iowa Code § 280.31 (2022)). That statute became effective immediately, *see id.* § 31, and provides:

> The board of directors of a school district, the superintendent or chief administering officer of a school or school district, and the authorities in charge of each accredited nonpublic school shall not adopt, enforce, or implement a policy that requires its employees, students, or members of the public to wear a facial covering for any purpose while on the school district's or accredited nonpublic school's property unless the facial covering is necessary for a specific extracurricular or instructional purpose, or is required by section 280.10 or 280.11 or any other provision of law.

Iowa Code § 280.31.

Plaintiffs sued Governor Reynolds, Iowa Department of Education Director Ann Lebo, and ten school districts, alleging that section 280.31 *violates* title II of the Americans with Disabilities Act ("ADA"), section 504 of the Rehabilitation Act, and the American Rescue Plan Act of 2021 ("ARPA") because it prevents their schools from implementing universal mask mandates to protect their children. Compl., Doc. 1 ¶ 76–102. In their complaint, they seek a declaratory judgment of these violations. *See id.* at 37, ¶¶ 1–3. And they seek to enjoin completely enforcement of the statute—both preliminarily and permanently. *See id.* at 37, ¶¶ 4–5.

After their granted preliminary injunction of the statute was vacated by the Eighth Circuit, *see Arc of Iowa v. Reynolds*, 33 F.4th 1042, 1044–45 (8th Cir. 2022), they now seek something different. They ask for a declaratory judgment about the scope of section 280.31. First, they want a declaration that "The term 'other provision[s] of law' as it is used in Section 280.31 include [sic] Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act." Pltfs' Mtn.

for Summary Judgment, Doc. 88, at ¶ 2. And second, they want one "That Section 280.31 cannot be cited as a basis to deny a student's request for reasonable modification or accommodation that includes requiring others to wear masks." *Id.*

Plaintiffs' motion should be denied for many reasons. First, they cannot obtain *any* relief because their Complaint fails for all the reasons set forth in Defendants' Motions to Dismiss and should instead be dismissed. *See* Defs Gov. Reynolds and Lebo's Br. in Support of Mtn. to Dismiss, Doc. 90; Br. in Support of Mtn. to Dismiss, Doc. 96-1. Second, they cannot obtain summary judgment on this relief because it's divorced from the claims asserted and relief requested in their complaint. Third, their requested declaratory judgment that the ADA and Rehabilitation Act are "other provision[s] of law" should be denied because it resolves no dispute—the State has argued throughout these proceedings that any requirement of those statutes falls within that exception.

And finally, their requested declaration "That Section 280.31 cannot be cited as a basis to deny a student's request for reasonable modification or accommodation that includes requiring others to wear masks" gets the law backwards. Section 280.31 bans mask mandates unless section 504 or the ADA require the mandate. And this state statute should be considered when conducting any reasonable-accommodation analysis. Plaintiffs' proposed declaration would only be accurate if *any and every* mask mandate requested by any student is always the *only* reasonable accommodation. Plaintiffs don't attempt to make an argument that this is true as a factual matter. Nor would such an argument succeed—especially as a matter of law under this early, pre-answer summary judgment motion.

Plaintiffs' motion for summary judgment seeking a declaratory judgment outside the bounds of their complaint and inconsistent with the law should be denied. Rather, Defendants' motion to dismiss should be granted.

## STANDARD FOR SUMMARY JUDGMENT

The Court should grant summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord United States v. Story Cty.*, 28 F. Supp. 3d 861, 867 (S.D. Iowa 2014). While the Federal Rules of Civil Procedure give "[d]ue deference" to the "rights of litigants to have their claims adjudicated by the appropriate finder of fact . . . equal deference must be given under Rule 56 to the rights of those defending against such claims to have a just, speedy, and inexpensive determination of the action where the claims have no factual basis." *Anderson v. Indus. Elec. Reels, Inc.*, 812 F. Supp. 999, 1002 (D. Neb. 1993). Summary judgment thus is appropriate where resolution of a question of law is controlling. *See Ferezy v. Wells Fargo Bank, N.A.*, 755 F. Supp. 1010, 1013 (S.D. Iowa 2010).

## ARGUMENT

**I. Plaintiffs' summary judgment motion should be denied because the entire case must be dismissed for the reasons stated in the State Defendants' motion to dismiss.**

All Defendants have moved to dismiss this case because it is defective as a matter of law. *See* Defs. Gov. Reynolds and Lebo's Mtn. to Dismiss, Doc. 86; Defs. Ankeny Cmty. Sch. Dist. et al. Mtn. to Dismiss, Doc. 96; Def. Council Bluffs Cmty. Sch. Dist.'s Mtn. to Dismiss and Joinder in Mtn. to Dismiss Filed by Dists., Doc. 97; Def. Iowa City Cmty. Sch. Dist. Partial Joinder in Dists. Mtn. to Dismiss, Doc. 98. Because the complaint fails, Plaintiffs can't obtain the declaratory judgment they now seek in this case. All Defendants' arguments made for dismissing the complaint in these motions to dismiss are thus reasons *this* motion should be denied. And instead, the case should be dismissed.

As the State argues there, Plaintiffs lack standing for two reasons. They aren't injured by section 280.31 because—as the Eighth Circuit recognized, *Arc of Iowa*, 33

F.4th at 1045—the statute doesn't prevent schools from complying with federal law. And any injury isn't redressed by this suit because enjoining section 280.31's enforcement won't provide them a universal mask mandate. Indeed, by the time of the Eighth Circuit decision vacating their preliminary injunction of the statute, none of Plaintiffs' school districts had universal mask mandates in place. *See* Samantha Hernandez, *Des Moines Public Schools Drops Mask Mandate Following Federal Changes*, D.M. Register (Mar. 3, 2022), *available at* https://perma.cc/7AE8-C2YK (noting Des Moines Public Schools was the last school to drop its mandate). *See* Defs Gov. Reynolds and Lebo's Br. in Support of Mtn. to Dismiss, Doc. 90, at 5–11.

Their claims are also moot. The Eighth Circuit held that their request for a preliminary injunction was moot because of the changed circumstances of the pandemic. *See Arc of Iowa*, 33 F.4th at 1044–45. That decision is now law of the case. And since they seek the same relief permanently as an injunction or declaratory judgment, the suit as a whole is also moot. *See* Defs Gov. Reynolds and Lebo's Br. in Support of Mtn. to Dismiss, Doc. 90, at 11–12.

And Plaintiffs are barred from asserting their federal-disability-law claims because they haven't exhausted administrative remedies. *See* Defs Gov. Reynolds and Lebo's Br. in Support of Mtn. to Dismiss, Doc. 90, at 12–17. Even looking past this defect, the novel claims fail as a matter of law because section 280.31 is a neutral, nondiscriminatory State policy set in statute and thus doesn't violate federal disability law. Universal mask mandates in schools are not a reasonable modification to this policy because it would be an undue burden, fundamentally alter the nature of the State's education program, and infringe on the rights of others. What's more, a contrary interpretation would raise serious constitutional concerns. *See* Defs Gov. Reynolds and Lebo's Br. in Support of Mtn. to Dismiss, Doc. 90, at 17–24.

Finally, Plaintiffs' alternative claim based on ARPA also fails. Neither the text of the ARPA statute nor the agency guidance requires schools to impose—or have the discretion to impose—universal mask mandates. Interpreting either to impose such a requirement would raise serious constitutional concerns. And regardless, ARPA provides no private cause of action to enforce whatever requirements might be hidden somewhere in it. *See* Defs Gov. Reynolds and Lebo's Br. in Support of Mtn. to Dismiss, Doc. 90, at 24–29.

All Defendant school districts also moved to dismiss because the Complaint fails to state a plausible claim against the districts or articulate how it is that they're indispensable or otherwise proper parties. *See* Defs. Ankeny Cmty Sch. Dist. et al. Br. in Support of Mtn. to Dismiss, Doc. 96-1 at 4–6. The State made a similar point in its motion to dismiss in explaining that the entire complaint should be dismissed against all parties. *See See* Defs Gov. Reynolds and Lebo's Br. in Support of Mtn. to Dismiss, Doc. 90, at 4 n.1. And all but one school district also argue—like the State— that this case is moot. *See* Defs. Ankeny Cmty Sch. Dist. et al. Br. in Support of Mtn. to Dismiss, Doc. 96-1 at 3–4. These are more valid reasons that this motion for summary judgment should be denied.

It's time for this suit to end. Rather than entering a declaratory judgment, the court should dismiss all Plaintiffs' claims under Rule 12(b)(1) and (6)

## II. Plaintiffs can't obtain summary judgment on a declaratory judgment that they haven't asked for in their complaint and is divorced from their asserted claims.

It's fundamental that a Plaintiff cannot seek summary judgment for claims they don't allege in their complaint and relief they did not request in it. *See* Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying *each claim* or defense—or the part of each claim or defense—*on which summary judgment is sought*." (emphases added)); *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758–

59 (8th Cir. 2018) (holding that plaintiff could not bring a new claim at the summary judgment stage that wasn't alleged in the complaint); *Gilmour v. Gates, McDonald & Co*, 382 F.3d 1312, 1315 (11th Cir. 2004) (holding that a plaintiff "may not amend her complaint through argument in a brief opposing summary"); *Crow v. Fabian*, Civ. No. 08-3350, 2010 WL 2464865, at *18 (D. Minn. Feb. 5, 2010) ("If a party cannot raise a new, previously unpled, claim in opposition to another party's summary judgment motion, then a party certainly cannot seek summary judgment *for* himself on a new clim that has not been pled in his complaint."); *A.L. ex rel. Limkemann v. Jake's Fireworks, Inc.*, 456 F. Supp. 3d 1074, 1082 (S.D. Iowa 2020) (refusing to consider new theories of negligence liability raised in summary judgment briefing and not pled in complaint); Mt. *Hawley Ins. Co. v. HCS 410 Holdings, LLC*, No. SA-19-CV-00780, 2021 WL 1550352, at *3 (W.D. Tex. Apr. 20, 2021) (denying summary judgment on declaratory relief "that is not requested in the Complaint").

In this motion for summary judgment, Plaintiffs seek a declaratory judgment about the scope of section 280.31. First, they want a declaration that "The term 'other provision[s] of law' as it is used in Section 280.31 include [sic] Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act." Pltfs' Mtn. for Summary Judgment, Doc. 88, at ¶ 2. And second, they want one "That Section 280.31 cannot be cited as a basis to deny a student's request for reasonable modification or accommodation that includes requiring others to wear masks." *Id.* But this isn't what they ask for in their complaint.

There, they seek a very different declaratory judgment that section 280.31 and its implementation "violates the ADA," "subject[s] the Plaintiffs to discrimination in violation of Section 504 of the Rehabilitation Act," and "is preempted by the American Rescue Plan Act." Compl., Doc. 1, at 37 ¶¶ 1–3. And they seek to "[p]reliminarily and permanently enjoin the Defendants from enforcing" section 280.31. *Id.* ¶ 5. This

requested relief makes sense given that Plaintiffs asserted claims—and their jurisdictional basis for being in this federal court—are that "Defendants have violated the regulations and provisions of the ADA," Compl, Doc. 1, ¶ 82; that they "have violated Section 504 of the Rehabilitation Act," *Id.* ¶ 92; and that section 280.31 is in "direct conflict with federal law" and "must fall" because it is "preempted by the American Rescue Plan Act. *Id.* ¶ 102; *see also id.* ¶ 28 (asserting federal question jurisdiction "based upon claims brought under" the ADA and section 504).

Nowhere in their complaint do Plaintiffs seek a declaration about the meaning of section 280.31 and the proper implementation of its express exception with requests for modification or accommodation to schools. *See* Compl, Doc. 1, at 37 ¶¶ 1–7. And this new relief doesn't fit into the declarations they did seek because it's not alleging any violation of federal law—the only declarations that they sought. *See id.* ¶¶ 1-3. Even if they had made such a request—or it could somehow find a home hidden in the relief requested—Plaintiffs don't bring a claim of federal law that would support such requested relief. *See* Compl, Doc. 1, at ¶¶ 76–102. The relief isn't based on any violation of federal law—and violations of federal law is all they allege in their three claims. *See id.* Indeed, Plaintiffs requested relief here could be viewed as a concession that their claims of a federal law violation or preemption lack merit.

Plaintiffs motion for summary judgment is thus a mismatch with their complaint. It must be denied.

### III. Plaintiffs' requested declaratory judgment that the ADA and Rehabilitation Act are "other provision[s] of law" should be denied because it resolves no dispute.

A court should only issue a declaratory judgment where it will resolve some real dispute. *See* 28 U.S.C. § 2201(1) ("In a case of actual controversy within its jurisdiction . . . ."); *Ringo v. Lombardi*, 677 F.3d 793, 796 (8th Cir. 2012) ("'Basically, the question in each case is whether the facts alleged, under all the circumstances,

show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see also Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 647–48 (3d Cir. 1990) (holding declaratory judgment improper where Defendant did not contest underlying legal issue and the declaration—like this one—was conditioned on a hypothetical); *Alcan Aluminum Ltd. v. Dep't of Rev. of State of Or.*, 724 F.2d 1294, 1298–99 (7th Cir. 1984) (holding that prudential considerations of comity with state agency made a declaratory judgment inappropriate where state hadn't yet taken adverse action). Now that Plaintiffs acknowledge what the Eighth Circuit found the statute states "unambiguously," *Arc of Iowa*, 33 F.4th at 1045, there is no dispute to be resolved by the first half of Plaintiffs' requested declaratory judgment.

Section 280.31 doesn't prohibit any actions of a school where "the facial covering . . . is required by . . . any other provision of law." Iowa Code § 280.31 (2022). The State has pointed to this express exception in the statute since its very first filing in this proceeding. *See* TRO Resist., Doc. 21, at 4–5; Prelim. Inj. Resist., Doc. 42, at 6. And it continued to do so on appeal. *See* Pltfs' App'x, R. Doc. 88-3, at 81. It is *Plaintiffs* that disagreed with or ignored this interpretation and thus sought to completely enjoin section 280.31. *See* Prelim. Inj. Reply, Doc. 48-1, at 9–10. But as evidenced by the declaratory judgment they now seek, Plaintiffs apparently no longer take this position. And properly so.

The Eighth Circuit rejected Plaintiffs prior position, agreeing with the State that "[i]f another state or federal law requires masks, Section 280.31 does not conflict with that law—and thus should not be completely enjoined." *Arc of Iowa*, 33 F.4th at 1045. The court reasoned that section 280.31 "unambiguously states that Section 280.31 does not apply where 'any other provision of law requires masks.'" *Id.* And it

explained that "'[a]ny' makes 'provision of law' a broad category that does not distinguish between state or federal law." *Id.* Thus, the court "emphasize[d] that the parties and district court should pay particular attention to" this exception "to the extent that this case continues." *Id.*

Contrary to Plaintiffs' contention here, the Eighth Circuit didn't "invite[]" or "almost call[] on, the district court to enter such a judgment." Pltfs' Br. in Support of Summary Judgment, Doc. 88-1, at 12. The Eighth Circuit's analysis and emphasis for "the parties and district court" was an explanation for why the statute "should not be completely enjoined" as it had been before. The Eighth Circuit didn't suggest *any relief* is necessary or appropriate. Far from a call to action, the court even took care to be clear it wasn't even assuming the case should continue by conditioning its admonition: "to the extent that this case continues."

If Plaintiffs still think there is some confusion about whether the ADA and section 504 of the rehabilitation are "any other provision of law" under section 280.31's exception, the Eighth Circuit ended it. Besides being "unambiously state[d]" in the Iowa Code, it's now in the Federal Reporter. And if a dispute remains about what requirements exist in the ADA or section 504, the proposed declaration does nothing to resolve that dispute. Interests of comity between the federal courts and state government make the declaratory judgment even less appropriate. *See Alcan Aluminum Ltd.*, 724 F.2d at 1298–99; *Dixon v. City of St. Louis*, 950 F.3d 1042, 1056 (8th Cir. 2020). The first half of Plaintiffs' declaratory judgment—while not wrong—resolves no dispute and should not be entered.

## IV. Plaintiffs' requested declaratory judgment that section 280.31 can never be cited as a reason for denying an accommodation request is an inaccurate statement of the law that flips section 280.31 and federal disability law around backwards.

The second half of Plaintiffs' proposed declaratory judgment fares no better. They propose declaring "That Section 280.31 cannot be cited as a basis to deny a student's request for reasonable modification or accommodation that includes requiring others to wear masks." Pltfs' Mtn. for Summary Judgment, Doc. 88, at ¶ 2. But this gets the law backwards. And if the Court reaches the merits of Plaintiffs' request, it must be denied because its an inaccurate statement of the law.

Section 280.31 states that schools "shall not adopt, enforce, or implement a policy that requires its employees, students, or members of the public to wear a facial covering for any purpose while on the school district's or accredited nonpublic school's property" unless one of its exceptions applies. Iowa Code § 280.31. One of those exceptions would be if "the facial covering . . . is required by" section 504 or the ADA. *Id.*; *see also Arc of Iowa*, 33 F.4th at 1045. But this still means that section 280.31 bans mask mandates in schools unless section 504 or the ADA require the mandate.

Yet Plaintiffs' proposed declaration that section 280.31 can never be cited when an accommodation or modification request is made under those statutes assumes that a mask would *always* be required. That's not the law. And Plaintiffs don't even try to make such an argument in their briefing. *See* Pltfs' Br. in Support of Summary Judgment, Doc. 88-1, at 11–14 (emphases added).

Assuming that federal disability requires reasonable modifications to a neutral policy like this statute, *but see Davis v. Francis Howell Sch. Dist.*, 138 F.3d 754, 756–57 (8th Cir. 1998), the first step of the proper analysis of section 280.31 and federal disability law is for the school to determine what would be reasonable accommodations. In making this determination, they can and must consider Iowa law—including section 280.31, which generally sets a policy of no mask mandates in

schools. Only if the school determines that the requested mask mandate is the only reasonable accommodation—and thus is "required" by federal disability law, would it be permitted to impose a mandate under the exception to section 280.31. *See E.T. v. Paxton*, No. 21-51083, 2022 WL 2914732, at *4 (5th Cir. July 25, 2022) ("It's well settled that *defendants*—not plaintiffs—get to choose between reasonable accommodations(s), and plaintiffs' preferences between reasonable accommodation(s) are irrelevant."); *E.T. v. Paxton*, 19 F.4th 760, 767–68 (5th Cir. 2021). *Valentine v. Am. Home Shield Corp*, 939 F. Supp. 1376, 1396 (N.D. Iowa 1996); Defs Gov. Reynolds and Lebo's Br. in Support of Mtn. to Dismiss, Doc. 90, at 17–23.

Plaintiffs don't present any argument that they could meet this standard. They only go so far as to contend "masking requirements *may be* required as a reasonable modification" or describing their claim as an allegation that "masking requirements *can be* 'a reasonable modification.'" Pltfs' Br. in Support of Summary Judgment, Doc. 88-1, at 12 (emphases added). But a request for a teacher to mask when interacting closely with a child is a very different request than a universal mandate on a classroom, building, or district—all of which would be encompassed in Plaintiffs' proposed blanket declaration. That's wrong.

Indeed, the reasonable modification analysis is factually intensive and should be conducted on a case-by-case basis. That's why this suit, among other defects, is barred by the exhaustion requirement and is not amenable to blanket declaratory relief. *See* Defs Gov. Reynolds and Lebo's Br. in Support of Mtn. to Dismiss, Doc. 90, at 12–17. And even the *dissenting* opinion cited by Plaintiffs suggests the determinations are to be "'determine[d] on an individualized, case-by-case basis'" by a school. Pltfs' Br. in Support of Summary Judgment, Doc. 88-1, at 12 (quoting *Arc of Iowa*, 33 F.4th at 1050 (Kelly, J., dissenting).

If Plaintiffs try to shift their arguments and assert that there is a factual basis now to support such a blanket declaration, the State would seek leave to move to delay ruling on summary judgment to have more time for discovery and development of the record. *See* Fed. R. Civ. P. 56(d). The State hasn't done so already because further factual development is irrelevant to the motion as currently argued by Plaintiffs. And for many reasons it should be denied without having to delay consideration further. Indeed, Defendants still have motions to dismiss pending. All discovery deadlines have been stayed. *See* Text Order of June 22, 2022, Doc. 84. And Defendants haven't yet answered. It would be premature to grant summary judgment resting on factual determinations that haven't yet been fully developed.

While the State has indeed opined that "Plaintiffs might be able to request some relief" to resolve their disputes over the scope of federal disability law's requirement, it didn't suggest this declaratory relief. Pltfs' Br. in Support of Summary Judgment, Doc. 88-1, at 13. And the relief requested in this summary judgment motion is no more appropriate than their now-vacated preliminary injunction request. This motion should be denied.

## CONCLUSION

Plaintiffs' motion for summary judgment should be denied. And the Court should instead grant Defendants' motions to dismiss this case.

    Respectfully submitted,

    THOMAS J. MILLER
    Attorney General of Iowa

    JEFFREY S. THOMPSON
    Solicitor General

    */s/ Samuel P. Langholz*
    SAMUEL P. LANGHOLZ
    Assistant Attorney General

Iowa Department of Justice
1305 E. Walnut Street, 2nd Floor
Des Moines, Iowa 50319
(515) 281-5164
(515) 281-4209 (fax)
sam.langholz@ag.iowa.gov
jeffrey.thompson@ag.iowa.gov

ATTORNEYS FOR DEFENDANTS
GOVERNOR KIM REYNOLDS AND
ANN LEBO

**PROOF OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties of record by delivery in the following manner on August 5, 2022:

☐ U.S. Mail ☐ Email
☐ Hand Delivery ☐ Overnight Courier
☐ Federal Express ☐ Other
☒ CM/ECF

Signature: */s/ Samuel P. Langholz*