IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| THE ARC OF IOWA et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KIM REYNOLDS, in her official capacity as Governor of Iowa, et al.<br><br>Defendants. | Case No. 4:21-CV-00264-RP-SBJ<br><br>**Defendants Governor Kim Reynolds and Ann Lebo's Response to Plaintiffs' Statement of Undisputed Material Facts** |

COME NOW Defendants Governor Kim Reynolds and Ann Lebo (collectively "the State") and under Federal Rule of Civil Procedure 56(c) and Local Rule 56(b)(2) submit this response to Plaintiffs' Statement of Material Facts:

1. The statutory history of section 280.31 is a question of law that is not subject to admission or denial. But to the extent a response is required, paragraph 1 is admitted except that May 20, 2021, was the date only of enactment—when the Governor signed the bill enacting section 280.31—not the date the Legislature "passed" the bill. *See* Act of May 20, 2021 (H.F. 847), ch. 139, 2021 Iowa Act § 28 (codified at Iowa Code § 280.31 (2022)), *available at* https://perma.cc/XM6Q-A3HX; H. Journal, 2021 Reg. Sess., 89th Gen. Assemb., at 1191–92 (Iowa 2021), *available at* https://perma.cc/ZZ4M-BC3Q; S. Journal, 2021 Reg. Sess., 89th Gen. Assemb., at 1130–32 (Iowa 2021), *available at* https://perma.cc/NP3U-WC6J.

2. The text of Iowa Code section 280.31 is a question of law that is not subject to admission or denial, and it speaks for itself. But to the extent a response is required, the State admits that paragraph 2 accurately quotes the statute.

3. The text of Iowa Code section 280.31 is a question of law that is not subject to admission or denial, and it speaks for itself. But to the extent a response is required

to the legal argument in paragraph 3, it is denied. Section 280.31 *does* "delineate what 'provision[s] of law' are included" in its exception. The exception includes "*any* other provision of law." Iowa Code § 280.31 (emphasis added); *see also Arc of Iowa v. Reynolds*, 33 F.4th 1042, 1045 (8th Cir. 2022) ("This exception unambiguously states that Section 280.31 does not apply where 'any other provision of law' requires masks. 'Any' makes 'provision of law' a broad category that does not distinguish between state or federal law.").

4. Paragraph 4 is admitted for the purposes of this motion only because it is not material to deciding Plaintiffs' requested declaratory judgment as currently argued. If Plaintiffs change their arguments in reply—and the court would be inclined to consider such new arguments—the State would ask for leave to file a motion for continuance under Rule 56(d) for additional time to conduct discovery and develop a proper factual record.

5. Paragraph 5 is admitted.

6. Paragraph 6 is admitted to the extent that a spokesperson for Director Lebo's office said in substance that "school districts that choose not to follow the ban *could* receive a citation for noncompliance" and "be referred to the State Board of Education" if an issued citation is not corrected "in a timely manner." Pltfs' App'x, R. Doc. 88-3, at 69 (emphasis added). It is otherwise denied because the cited portions of the record do not support the assertion that this statement to a newspaper reporter was a "warn[ing]." Pltfs' Statement of Undisputed Material Facts, Doc. 88-2, at ¶ 6; s*ee also* Pltfs' App'x, R. Doc. 88-3, at 69. Nor do they support the assertion that Governor Reynolds and Lebo "*would* enforce Section 280.31 against school districts that implemented mask mandates." Pltfs' Statement of Undisputed Material Facts, Doc. 88-2, at ¶ 6 (emphasis added); s*ee also* Pltfs' App'x, R. Doc. 88-3, at 69, 73.

7. Paragraph 7 is admitted.

8. Paragraph 8 is admitted.

9. Paragraph 9 is admitted to the extent that a single school district indicated its intent to implement a mask mandate if section 280.31 was enjoined. It is otherwise denied because the cited parts of the record do not support the statement that multiple "schools districts" indicated the same wish. And the cited parts of the record also provide no support for the cause of *any* school district deciding not to implement mask mandates.

10. Paragraph 10 is admitted.

11. Paragraph 11 is admitted to the extent that some Plaintiffs pulled their medically vulnerable children out of school and that others still sent their children to school. It is otherwise admitted only for the purpose of this motion because it is not material to deciding Plaintiffs' requested declaratory judgment as currently argued. If Plaintiffs change their arguments in reply—and the court would be inclined to consider such new arguments—the State would ask for leave to file a motion for continuance under Rule 56(d) for additional time to conduct discovery and develop a proper factual record.

12. Paragraph 12 is admitted.

13. Paragraph 13 is admitted.

14. Paragraph 14 is admitted.

15. Paragraph 15 is admitted.

16. Paragraph 16 is admitted, except that the quote from the State's appellate brief inaccurately omits two em-dashes and uses hyphens in their place. *See* Pltfs' App'x, R. Doc. 88-3, at 79.

17. Paragraph 17 is admitted, except that the quote from the State's appellate brief inaccurately states "Rehab Act" instead of "Rehabilitation Act." *See* Pltfs' App'x, R. Doc. 88-3, at 85.

18. Paragraph 18 is denied because it splices together two accurate quotes from the State's appellate brief to create an inaccurate sentence. *See* Pltfs' App'x, R. Doc. 88-3, at 82. The brief said, "If Plaintiffs are correct that universal mask mandates in schools are required by federal disability law, *then section 280.31 doesn't stand in the way of their desired mandates.*" *Id.* (emphasis added). It continued to explain that "Their quarrel would be with their schools." *Id.* And that they "might be able to request some relief other than the granted injunction to seek resolution of these disputes." *Id.*

19. Paragraph 19 is admitted, except that the quote from the school district email inaccurately states "facemasks" instead of "face masks."

20. Paragraph 20 is admitted for the purposes of this motion only because it is not material to deciding Plaintiffs' requested declaratory judgment as currently argued. If Plaintiffs change their arguments in reply—and the court would be inclined to consider such new arguments—the State would ask for leave to file a motion for continuance under Rule 56(d) for additional time to conduct discovery and develop a proper factual record.

Respectfully submitted,

THOMAS J. MILLER
Attorney General of Iowa

JEFFREY S. THOMPSON
Solicitor General

*/s/ Samuel P. Langholz*
SAMUEL P. LANGHOLZ
Assistant Attorney General
Iowa Department of Justice
1305 E. Walnut Street, 2nd Floor
Des Moines, Iowa 50319
(515) 281-5164
(515) 281-4209 (fax)

— 4 —

sam.langholz@ag.iowa.gov
jeffrey.thompson@ag.iowa.gov

ATTORNEYS FOR DEFENDANTS
GOVERNOR KIM REYNOLDS AND
ANN LEBO

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties of record by delivery in the following manner on August 5, 2022:

☐ U.S. Mail ☐ Email
☐ Hand Delivery ☐ Overnight Courier
☐ Federal Express ☐ Other
☒ CM/ECF

Signature: */s/ Samuel P. Langholz*

---