IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| THE ARC OF IOWA et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KIM REYNOLDS, in her official capacity as Governor of Iowa, et al.<br><br>Defendants. | Case No. 4:21-CV-00264-RP-SBJ<br><br>**Defendants Governor Kim Reynolds and Ann Lebo's Reply in Support of their Motion to Dismiss** |

**TABLE OF CONTENTS**

I. Plaintiffs have abandoned most—if not all—of their case; at the very least, their claim under ARPA and all requests for injunctive relief should be dismissed. ................................................................................................ 1

II. The exhaustion requirement is not affected by a Plaintiff's lack of an IEP and is not futile. ............................................................................................. 3

**I.   Plaintiffs have abandoned most—if not all—of their case; at the very least, their claim under ARPA and all requests for injunctive relief should be dismissed.**

In their resistance to the State's motion to dismiss, Plaintiffs abandon most of their complaint. They offer no argument against dismissing their claim under the American Rescue Plan Act. *See* Resist. to Mtn. to Dismiss, Doc. 95, at 1–19. Indeed, they don't even mention the claim. *See id.* Or cite that statute. *See id.* at vi. The Court should thus dismiss the claim. *See* LR 7(e) (requiring resistance to Motion to "contain[] a statement of the grounds for resisting the motion and citations to the authorities upon which the resisting party relies").

And their only argument against the case being moot is that they're now seeking a declaratory judgment in their summary judgment motion. *See* Resist. to

Mtn. to Dismiss, Doc. 95, at 8 ("Nothing in the Eighth Circuit's order addresses Plaintiffs' claims for declaratory relief, which have not been adjudicated by this Court or any other."); *id.* at 9 ("[A] claim for preliminary injunctive relief is evaluated under a different legal standard and reflects a fundamentally different form of relief than declaratory relief. . . . "Plaintiffs' declaratory claims are not settled: Plaintiffs presented full argument on them for the first time on July 1, 2022."); *id.* at 10 (arguing against applying the law-of-the-case doctrine "to foreclose declaratory claims" only). Plaintiffs offer no defense of any of the injunctive relief that they seek in their complaint. Plaintiffs' requests for injunctive relief should thus also be dismissed.

Plaintiffs' reliance on their newly requested declaratory relief as the basis for surviving mootness suffers from another problem. *See* Resist. to Mtn. to Dismiss, Doc. 95, at 1–2, 8–10. In their motion for summary judgment, they seek relief that they don't ask for in their complaint and is not based on the claims on their complaint. *See* Resist. to Mtn. for Summary Judgment, Doc. 99, at 6–8. It thus cannot provide a basis for defending the claims, even the declaratory claims, that they assert in their complaint. They no longer seek a declaratory judgment that section 280.31 violates any federal law. Pltfs' Mtn. for Summary Judgment, Doc. 88, at ¶ 2 (describing requested declaratory judgment); Resist. to Mtn. to Dismiss, Doc. 95, at 1–2, 8–10 (relying on this declaratory judgment as their surviving claim). Thus they have essentially abandoned *all* their claims that they've actually asserted in their complaint. *See Alexander v. Hedback*, 718 F.3d 762, 766 (8th Cir. 2013) (affirming dismissal where party abandons claims as pleaded in the complaint in favor of alternative claims argued in their briefing). Plaintiffs' complaint should all be dismissed.

**II.   The exhaustion requirement is not affected by a Plaintiff's lack of an IEP and is not futile.**

Most of the parties' exhaustion arguments have been well fleshed our and do not need further reply. But in their resistance, Plaintiffs now contend that exhaustion doesn't apply because they aren't seeking to modify an IEP and that some students don't have an IEP. Resist., Doc. 95, at 13.

But this contradicts the Eighth Circuit's decision in *Nelson v. Charles City Cmty. Sch. Dist.*, 900 F.3d 587 (8th Cir. 2018), which rejected any requirement that a plaintiff must have invoked IDEA's remedies by obtaining an IEP. *See id.* at 592–93. Plaintiffs have never argued that they wouldn't qualify for relief under the IDEA. And even if students hadn't previously done so—it's not that extraordinary to expect that they should seek an IEP in the midst of a pandemic that they claim is destroying their education before rushing to court.

Nor would exhaustion be futile here. Plaintiffs contend otherwise because an agency administrative law judge could not grant their declaratory judgment that they now seek. Resist., Doc. 95, at 13. But no such issue would be present in deciding whether Plaintiffs were receiving a FAPE, since—as the Eighth Circuit agreed—section 280.31 allows compliance with federal disability law. *Arc of Iowa*, 33 F.4th at 1045. And if Plaintiffs were dissatisfied with the ultimate resolution of that process, then they could seek judicial review with a robust record.

Finally, in urging the court to overlook the exhaustion requirement, Plaintiffs point to a few other district courts that have held it's not required for similar claims. *See* Resist., Doc. 95, at 10. But they ignore the only published circuit court decision, *E.T. v. Paxton*, 19 F.4th 760 (5th Cir. 2021). There, the Fifth Circuit persuasively held that exhaustion likely is required. *See id.* at 767. The Court should follow *E.T.* Plaintiffs' complaint is explicitly tied to a deprivation of their educational needs. They contend that they're deprived their education because they're not able to safely attend

in-person school without a mask mandate and the alternative of virtual school is inadequate. Compl., Doc. 1, at ¶¶ 56–59. Plaintiffs' claimed discrimination is thus an injury that is allegedly denying them a FAPE. That injury could be remedied by granting relief under the IDEA. Exhaustion was thus required.

## CONCLUSION

For all these reasons, and those in the original brief supporting the State's Motion to Dismiss, this case should be dismissed.

Respectfully submitted,

THOMAS J. MILLER
Attorney General of Iowa

JEFFREY S. THOMPSON
Solicitor General

*/s/ Samuel P. Langholz*
SAMUEL P. LANGHOLZ
Assistant Attorney General
Iowa Department of Justice
1305 E. Walnut Street, 2nd Floor
Des Moines, Iowa 50319
(515) 281-5164
(515) 281-4209 (fax)
sam.langholz@ag.iowa.gov
jeffrey.thompson@ag.iowa.gov

ATTORNEYS FOR DEFENDANTS
GOVERNOR KIM REYNOLDS AND
ANN LEBO

**PROOF OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties of record by delivery in the following manner on August 5, 2022:

☐ U.S. Mail ☐ Email
☐ Hand Delivery ☐ Overnight Courier
☐ Federal Express ☐ Other
☒ CM/ECF

Signature: */s/ Samuel P. Langholz*