# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| THE ARC OF IOWA; CHARMAINE ALEXANDER, individually and on behalf of C.B., a minor; JONATHAN CRAIG, individually and on behalf of E.C. and J.C., minors; MICHELLE CROFT, individually and on behalf of J.J.B., a minor; AMANDA DEVEREAUX, individually and on behalf of P.D., a minor; CARISSA FROYUM ROISE, individually and on behalf of H.J.F.R., a minor; LIDIJA GEEST, individually and on behalf of K.G., a minor; MELISSA HADDEN, individually and on behalf of V.M.H., a minor; HEATHER LYNN PRESTON, individually and on behalf of M.P. and S.P, minors; LISA HARDISTY SITHONNORATH, individually and on behalf of A.S., a minor; REBEKAH STEWART, individually and on behalf of E.M.S., a minor; and ERIN VERCANDE, individually and on behalf of S.V., a minor,<br><br>*Plaintiffs*,<br><br>v.<br><br>KIM REYNOLDS, in her official capacity as Governor of Iowa; ANN LEBO, in her official capacity as Director of the Iowa Department of Education; ANKENY COMMUNITY SCHOOL DISTRICT; COUNCIL BLUFFS COMMUNITY SCHOOL DISTRICT; DAVENPORT COMMUNITY SCHOOL DISTRICT; DECORAH COMMUNITY SCHOOL DISTRICT; DENVER COMMUNITY SCHOOL DISTRICT; DES MOINES PUBLIC SCHOOLS; IOWA CITY COMMUNITY SCHOOL DISTRICT; JOHNSTON COMMUNITY SCHOOL DISTRICT; LINN MAR COMMUNITY SCHOOL DISTRICT; and WATERLOO COMMUNITY SCHOOL DISTRICT,<br><br>*Defendants*. | Case No. 4:21-cv-264<br><br><br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION .................................................................................................................... 1

ARGUMENT ............................................................................................................................ 1

    I.  State Defendants' motion to dismiss is without merit. ......................................................... 1

    II. Plaintiffs' requested relief falls squarely within the four corners of the complaint. ............ 2

    III. This controversy presents a real dispute between adverse parties. ..................................... 4

    IV. State Defendants, not Plaintiffs, misunderstand Section 280.31 and federal disability law. ................................................................................................................................................ 5

    V.  Plaintiffs' requested relief would not automatically reinstate masking requirements in Iowa schools and is modest in scope. ................................................................................... 6

CONCLUSION ......................................................................................................................... 7

CERTIFICATE OF SERVICE .................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Bloomer v. Caffey*,
 No. 3:14–cv–00078, 2015 WL 13307071 (S.D. Iowa Nov. 5, 2015). ........................................ 2

*Capital Indemnity Corp. v. Miles*,
 978 F.2d 437 (8th Cir. 1992) ..................................................................................................... 4

*E.T. v. Paxton*,
 No. 21-51083, 2022 WL 2914732 (5th Cir. July 25, 2022) ........................................................ 6

*Meredith Corp. v. Riegel Consumer Prods.*,
 4:04-CV-90273, 2005 WL 290013 (S.D. Iowa Jan. 31, 2005) (Pratt, J.) ................................... 4

*Gomez v. Wells Fargo Bank*,
 676 F.3d 655 (8th Cir. 2012) ..................................................................................................... 4

**Statutes**

29 U.S.C. § 794 *et seq.*.................................................................................................................. 2, 3

42 U.S.C Code § 12131 *et seq.* .................................................................................................. 2, 3, 5

# INTRODUCTION

Because of this Court's past orders, the federal civil rights of many students with disabilities have been protected over most of the preceding school year. Its TRO and preliminary injunction, issued early in the Delta wave at a particularly perilous moment in the pandemic's trajectory, allowed thousands of students with disabilities to attend school safely. Entering the limited and tailored declaratory relief Plaintiffs have moved for is the appropriate next step to protect these rights now and moving forward. State Defendants have told this Court that "it's time for this suit to end," State's Resp. to Pls.' Mot. for Summ. J./ECF 99, at 6, and declaratory relief will do that.

State Defendants' arguments in opposition do not stand in the Court's way. They have filed no statement of additional material facts, and have admitted all material facts asserted by Plaintiffs, notwithstanding their disagreement about "splic[ing] together two accurate quotes from the State's appellate brief." State's Resp. to Pls.' Statement of Undisputed Material Facts/ECF 99-1, at 4. School District Defendants have not filed oppositions to the motion, and Defendant Iowa City Community Schools do not resist the declaratory relief sought by Plaintiffs.[1] Pls.' Mot. for Summ. J./ECF 88, at 2.

Plaintiffs' motion for summary judgment should be granted, and, as set forth fully in Plaintiffs' responding brief, ECF 95, State Defendants' motion to dismiss should be denied.

# ARGUMENT

**I.     State Defendants' motion to dismiss is without merit.**

State Defendants begin their opposition by restating points from their motion to dismiss. Plaintiffs' response to State Defendants' motion to dismiss, ECF 95, which is incorporated here,

---

[1] School District Defendants are indispensable parties, and Plaintiffs incorporate herein their arguments in Response to School District Defendants' pending motions to dismiss. ECF 96-98.

1

rebuts the arguments in State Defendants' Point I in full. In sum, Plaintiffs continue to have standing, and State Defendants misinterpret the Eighth Circuit's limited order holding that the need for a preliminary injunction was moot to suggest that the entire case is moot. ECF 95, at 3-8. This case presents an active and live controversy, as Plaintiffs' request for declaratory relief is not moot. *Id*. at 8-10. Defendants misunderstand and misapply the law of the case doctrine. *Id*. at 9. State Defendants provide no reason for this Court to revisit its prior ruling on administrative exhaustion, which correctly rejected the very arguments State Defendants invoke (yet again) in their opposition brief. *Id*. at 10-14. In their opposition and other filings, State Defendants do not offer any evidence for their baldly asserted claim that limited and temporary masking requirements are an unreasonable modification that impose an undue administrative burden on schools or constitute a fundamental alteration. *Id.* at 16-17. And State Defendants' invocation of amorphous "constitutional concerns" is unavailing; the only "constitutional concerns" in this case would arise if this Court let Iowa school districts ignore their responsibilities under federal law. *Id*. at 18.

## II. Plaintiffs' requested relief falls squarely within the four corners of the complaint.

State Defendants contend that Plaintiffs seek "a very different declaratory judgment" than the one they sought in their complaint. ECF 99, at 7. The critical inquiry here is whether Plaintiffs "now raise an entirely separate claim" in summary judgment briefing that was "unmentioned within Plaintiffs' [ ] alleged causes of action." *Bloomer v. Caffey*, No. 3:14–cv–00078, 2015 WL 13307071 at *4 n.9 (S.D. Iowa Nov. 5, 2015) (unpublished).  Plaintiffs do not.

In the prayer for relief, Plaintiffs asked this Court to "[d]eclare that HF 847, and *the Defendants' implementation thereof*, violates the ADA" and "[d]eclare that HF 847, and the Defendants' *implementation thereof*, subject the Plaintiffs to discrimination in violation of

2

Section 504 of the Rehabilitation Act." Compl./ECF 1, at 37 (emphasis added). Plaintiffs specifically complained that State Defendants were implementing Section [280.31] by threatening school districts and their personnel. *Id.* at ¶¶ 9, 48, 49, 50, 56, 58, 59, 61-72, 82-85, 91-94.  At every stage of this litigation Plaintiffs have argued that school districts must have the discretion needed to protect students with disabilities with the reasonable modifications necessary to allow them to safely access education, and that State Defendants were impeding the reasonable modification process in violation of federal disability rights law. *See, e.g.*, *Id.* at ¶ 82 ("As a result of the Defendant State Official's implementation and enforcement of HF 847, which has denied these children the protection that they need to attend school in a safe environment, the Defendants have violated the regulations and provisions of the ADA . . . The Defendants are failing and/or causing other Defendants to fail to make a reasonable modification…"); ¶¶ 92-94 ("As a result of the implementation and enforcement of HF 847, Defendants have violated Section 504 of the Rehabilitation Act and its implementing regulations and/or caused Plaintiffs' School Districts to violate the regulations and provisions…").

These claims go to what the State Defendants call the "scope of section 280.31." ECF 99, at 7. Because of State Defendants' threats (never renounced), the meaning of the law was (and remains) unclear. Plaintiffs brought this suit to get a judicial declaration that Section 280.31 could not be used by Defendants to subvert their federal civil rights. The proposed declaratory judgment stems from the Complaints' declaratory request to preserve "the school's ability to comply with its obligations under federal disability laws." ECF 1, at ¶ 9. The Complaint gave the

State Defendants fair notice of the claim and its supporting facts, meeting the Federal Rules' requirements. *Gomez v. Wells Fargo Bank*, 676 F.3d 655, 664-65 (8th Cir. 2012).[2]

### III.    This controversy presents a real dispute between adverse parties.

Contrary to State Defendants' assertions, declaratory relief is appropriate here as "[t]he lines are drawn [and] the parties are at odds," *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992), and "the judgment will serve a useful purpose in clarifying and settling the legal relations in issue" and "afford relief from the uncertainty, insecurity, and controversy giving rise to the proceedings." *Meredith Corp. v. Riegel Consumer Prods.*, 4:04-CV-90273, 2005 WL 290013 at *3 (S.D. Iowa Jan. 31, 2005) (Pratt, J.) (unpublished).

This Court has already recognized that State Defendants "dispute federal law requires that masks be worn in schools or that school districts have discretion to make masking decisions at the local level." Order Granting Prelim. Inj./ECF 60, at 9. And State Defendants in their papers continue to argue otherwise. ECF 99, at 12 (indicating that consideration of a universal mask mandate request would be wrong). Defendants resist even Plaintiffs' call for clarity that Section 230.18 "cannot be cited as a basis to deny a student's request for reasonable modification or accommodation." *Id.* at 11-12. They have proven Plaintiffs' case, making imperative the need for this Court's action: to clarify that Section 280.31 does not stand as a barrier to schools doing the analysis necessary under federal law to determine if a masking requirement, however limited, is needed as a reasonable modification to ensure equal access to education for students with disabilities.

---

[2] The caselaw State Defendants invoke, ECF 99, at 6-7, is inapt, because Plaintiffs have not brought new claims at the summary judgment stage that were unalleged in their complaint.

The lines are drawn; the parties are at odds. This case, in the final analysis, comes down to a relatively straightforward disagreement with enormous consequences for students with disabilities.

IV. **State Defendants, not Plaintiffs, misunderstand Section 280.31 and federal disability law.**

State Defendants concede that the first clause of Plaintiffs' proposed declaratory judgment, finding that the term "other provision[s] of law" as it is used in Section 280.31 includes Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504" or "Rehabilitation Act"), is "not wrong." ECF 99, at 10. They object to the second clause, which states "[t]hat Section 280.31 cannot be cited as a basis to deny a student's request for reasonable modification or accommodation that includes requiring others to wear masks." ECF 88 ¶ 2(2); ECF 99, at 11-12. They allege that this clause "assumes that a mask would *always* be required." ECF 99, at 11 (emphasis in original).

The proposed relief actually does the opposite. It makes no assumptions about *any* reasonable modifications and their particular worth. Instead, it leaves individual school districts to evaluate any request for masking consistent with the case-by-case analysis that is characteristic of reasonable modification analysis. Under Plaintiffs' proposed relief, school districts can consider the strengths and demerits of a requested masking accommodation on its own without the shadow of the Governor or Superintendents' threats. As this Court has already recognized, Defendants "dispute federal law requires that masks be worn in schools or that school districts have discretion to make masking decisions at the local level." ECF 60, at 9. And based on the State's threatened enforcement, "prior to the entry of a TRO, schools in Iowa did not believe they were allowed to implement mask mandates under the savings clause." *Id.* at 12. If the State Defendants get their way, local school districts officials would have to evaluate any

5

request for a masking accommodation under the threat of loss of accreditation or funding, no matter what the evidence says, or circumstances might demand.

State Defendants cite the observation of one judge in an analogous case that "[i]t's well settled that defendants—not plaintiffs—get to choose between reasonable accommodations(s), and plaintiffs' preferences between reasonable accommodation(s) are irrelevant." ECF 99, at 12 (citing *E.T. v. Paxton*, No. 21-51083, 2022 WL 2914732, at *4 (5th Cir. July 25, 2022)).[3] Of course, that skirts the real issue. State Defendants continue to object even to the idea that masking, or at least some forms of masking, could be a reasonable modification. Defendants' continued objection to basic requirements of federal law makes this relief necessary. ECF 99, at 12.

### V.     Plaintiffs' requested relief would not automatically reinstate masking requirements in Iowa schools and is modest in scope.

State Defendants repeatedly suggest that Plaintiffs want sweeping mask mandates, which could be reimplemented if the Court grants summary judgment. *See, e.g.*, ECF 99, at 5 ("[A]ny injury isn't redressed by this suit because enjoining Section 280.31's enforcement won't provide them a universal mask mandate."); *id.* ("Universal mask mandates in schools are not a reasonable modification . . . ."). To the contrary, entering the limited declaration that Plaintiffs seek would not reinstate masking requirements automatically. Instead, declaratory relief would merely preserve the possibility for students to seek masking as a reasonable modification under federal disability law, and for the school properly to consider that request.

---

[3] State Defendants suggest it is the observation of the circuit, but it is in fact only the observation of Judge Oldham. Judge Willett did not join that part of the decision, and Judge Davis dissented. *Id.*

## CONCLUSION

The Court should deny State's Defendants' motions to dismiss this case. And the Court should grant Plaintiffs' motion for summary judgment.

Respectfully submitted:

**AMERICAN CIVIL LIBERTIES UNION OF IOWA**

/s/ Rita Bettis Austen
Rita Bettis Austen, AT0011558
Shefali Aurora, AT0012874
Leah Patton, AT0006022
**ACLU of Iowa Foundation Inc.**
505 Fifth Avenue, Suite 901
Des Moines, IA 50309-2316
Telephone: 515-243-3988
Facsimile: 515-243-8506
rita.bettis@aclu-ia.org
shefali.aurora@aclu-ia.org
leah.patton@aclu-ia.org

**DISABILITY RIGHTS IOWA**
Cynthia A. Miller (AT0005382)
Catherine Johnson (AT0004006)
666 Walnut Street, Suite 1440
Des Moines, IA 50309
T: (515) 278-2502
E: cmiller@driowa.org
E: cjohnson@driowa.org

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Louise Melling*
125 Broad St.
New York, NY 10004
T: (212) 549-2637
E: lmelling@aclu.org

Susan Mizner*
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0781
E: smizner@aclu.org

**ARNOLD & PORTER KAYE SCHOLER LLP**
John A. Freedman*
601 Massachusetts Ave, NW
Washington, DC 20001
T: 202.942.5316
E: john.freedman@arnoldporter.com

**THE ARC**
Shira Wakschlag*
The Arc of the United States
1825 K Street, NW, Suite 1200
Washington, DC 20006
Telephone: 202-534-3708
Facsimile: 202-534-3731
E: wakschlag@thearc.org

**DUFF LAW FIRM, PLC**
Thomas J. Duff
The Galleria
4090 Westown Pkwy, Suite 102
West Des Moines, Iowa 50266
Telephone: (515) 224-4999
Fax: (515) 327-5401
E : tom@tdufflaw.com

*Attorneys for the Plaintiffs*

*Admitted *pro hac vice*

Dated: August 12, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system.

All participants in this case are registered CM/ECF users and will served by the CM/ECF system.
Date: August 12, 2022

/s/Rita Bettis Austen
Rita Bettis Austen