## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| THE ARC OF IOWA; CHARMAINE ALEXANDER, individually and on behalf of C.B., a minor; JONATHAN  CRAIG, individually and on behalf of E.C. and J.C., minors; MICHELLE CROFT, individually and on behalf of J.J.B., a minor; AMANDA DEVEREAUX, individually and on behalf of P.D., a minor; CARISSA FROYUM ROISE, individually and on behalf of H.J.F.R., a minor; LIDIJA GEEST, individually and on behalf of K.G., a minor; MELISSA HADDEN, individually and on behalf of V.M.H., a minor; HEATHER LYNN PRESTON, individually and on behalf of M.P. and S.P, minors; LISA HARDISTY SITHONNORATH, individually and on behalf of A.S., a minor; REBEKAH STEWART, individually and on behalf of E.M.S., a minor; and ERIN VERCANDE, individually and on behalf of S.V., a minor, | Case No. 4:21-cv-264 |
| *Plaintiffs*, | |
| v. | |
| KIM REYNOLDS, in her official capacity as Governor of Iowa; ANN LEBO, in her official capacity as Director of the Iowa Department of Education; ANKENY COMMUNITY SCHOOL DISTRICT; COUNCIL BLUFFS COMMUNITY SCHOOL DISTRICT; DAVENPORT COMMUNITY SCHOOL DISTRICT; DECORAH COMMUNITY SCHOOL DISTRICT; DENVER COMMUNITY SCHOOL DISTRICT; DES MOINES PUBLIC SCHOOLS; IOWA CITY COMMUNITY SCHOOL DISTRICT; JOHNSTON COMMUNITY SCHOOL DISTRICT; LINN MAR COMMUNITY SCHOOL DISTRICT; and WATERLOO COMMUNITY SCHOOL DISTRICT, | **PLAINTIFFS' RESPONSE TO SCHOOL DISTRICT DEFENDANTS' MOTIONS TO DISMISS** |
| *Defendants*. | |

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................... ii

TABLE OF AUTHORITIES ........................................................................................................... iii

INTRODUCTION ............................................................................................................................ 1

ARGUMENT ................................................................................................................................... 2

   I.    PLAINTIFFS CONTINUE TO HAVE AN ACTIVE CASE AGAINST SCHOOL
DISTRICT DEFENDANTS ......................................................................................................... 2

   II.   THE DISTRICTS ARE INDISPENSABLE PARTIES. .................................................... 5

CONCLUSION ................................................................................................................................. 6

CERTIFICATE OF SERVICE ........................................................................................................ 8

## TABLE OF AUTHORITIES

**Cases**

*Doe No. 1 v. Reed,*
   697 F.3d 1235 (9th Cir. 2012) ............................................................................... 3

*Doe v. Nixon,*
   716 F.3d 1041 (8th Cir. 2013) ............................................................................ 2, 3

*Dolls, Inc. v. City of Coralville,*
   425 F. Supp. 2d. 958 (S.D. Iowa 2006) ................................................................... 2

*E.T. v. Paxton*
   2022 WL 2914732, No. 21-51083 (5th Cir. July 25, 2022) ..................................... 6

*McGehee v. Neb. Dep't of Corr. Servs.,*
   987 F.3d 785 (8th Cir. 2021) ................................................................................... 3

*Or. Nat. Res. Council v. U.S. Bureau of Land Mgmt.,*
   470 F.3d 818 (9th Cir. 2006) ................................................................................... 4

*Rural Water System No. 1 v. City of Sioux Ctr.,*
   967 F. Supp. 1483 (N.D. Iowa 1997) ...................................................................... 3

*Spirit Lake Tribe v. N.D.,*
   262 F.3d 732 (8th Cir. 2001) ................................................................................... 5

*Sykes v. Hengel,*
   220 F.R.D. 593 (S.D. Iowa 2004) ........................................................................... 5

**Rules**

Fed. R. Civ. P. 19(a) ................................................................................................... 5

## INTRODUCTION

The circumstances of this unprecedented health crisis have certainly changed over the nearly two and one-half years since the World Health Organization declared the spread of COVID-19 a pandemic. They will continue to evolve in the future. But the core of this case has not: Some students with disabilities, including Plaintiffs, continue to face increased risks of serious health consequences from contracting COVID-19, and the schools they attend must have the authority to implement policies through the reasonable modification process consistent with the Americans with Disabilities Act and the Rehabilitation Act. School District Defendants[1] conflate changed circumstances with the elimination of injury. But as set forth in detail in the opposition to State Defendants' motion to dismiss, Plaintiffs and many other students with disabilities are still at risk. *See generally* Pls. Resp. to State's Mot. to Dismiss/ECF 95.

This case is not moot. Plaintiffs have a live controversy that can be resolved with declaratory relief and the School District Defendants are indeed indispensable parties. For the reasons set forth below and in Opposition to State Defendants Motion to Dismiss, incorporated here, this Court should deny School District Defendants' motions to dismiss.

---

[1] This brief responds to the Motion to Dismiss filed by the Ankeny Community School District, Davenport Community School District, Decorah Community School District, Denver Community School District, Des Moines Public Schools, Johnston Community School District, Linn Mar Community School District, and Waterloo Community Schools (ECF 96); the Motion to Dismiss and Motion for Joinder filed by Council Bluffs Community Schools (ECF 97); and the Motion for Partial Joinder filed by Iowa City Community School District (ECF 98). Because of the shared arguments and motions for joinder, this brief refers throughout to "School District Defendants."

**ARGUMENT**

I.      **PLAINTIFFS CONTINUE TO HAVE AN ACTIVE CASE AGAINST
        SCHOOL DISTRICT DEFENDANTS.**

A case is moot "if it can be said with assurance that there is no reasonable expectation

that the violation will recur or if interim relief or events have completely and irrevocably

eradicated the effects of the alleged violation." *Doe v. Nixon*, 716 F.3d 1041, 1051 (8th Cir.

2013). In contrast to standing, mootness "depends on the state of the record at time of review, not

at the time an action is commenced." *Dolls, Inc. v. City of Coralville*, 425 F. Supp. 2d. 958, 985

(S.D. Iowa 2006).

Since the time when Plaintiffs commenced this action, the circumstances of the COVID-

19 pandemic have changed markedly. Thanks to these changed circumstances, some students

with disabilities in Iowa, for now, are able to attend school safely without masking policies.

Others, including some individual Plaintiffs and members of The Arc of Iowa, cannot. These

Plaintiffs still face significant health consequences if they contract COVID-19, and no

intervening "events have completely and irrevocably eradicated" the public health dangers they

face. *Doe v. Nixon*, 716 F.3d 1041, 1051 (8th Cir. 2013). Plaintiffs have filed declarations from

the physicians for Plaintiffs E.C., M.P., and H.J.F.R., who determined that masking is still

necessary for these Plaintiffs to have equal access to their educations. ECF 88-3, at 3-19; 95-1, at

2-14 (describing high risk for severe complications and medical problems like needed ventilatory

support if the child becomes infected with COVID-19). The parents of these individuals face

tremendous uncertainty whether a request for reasonable modification or accommodation will be

fairly heard and considered by Defendant School Districts given State Defendants' threats to

enforce Section 280.31. In other words, individual Plaintiffs and members of Plaintiff The Arc of

Iowa have live claims for declaratory relief now.

2

Moreover, this is not a case where the "'alleged future harm'" is "'so remote and speculative that there is no tangible prejudice to the existing interests of the parties'" to render the action "'[a] moot case.'" *McGehee v. Neb. Dep't of Corr. Servs.*, 987 F.3d 785, 788 (8th Cir. 2021) (quoting *Doe No. 1 v. Reed*, 697 F.3d 1235, 1239 (9th Cir. 2012)). This future risk to Plaintiffs is concrete and not speculative: Past waves of the pandemic have varied in their virulence but have increased dramatically in their transmissibility. Future waves of the pandemic may even increase the need for masking among high-risk students with disabilities, and this hardly unrealistic prospect shows the need for legal clarity regarding the ability to seek masking requirements if necessary and as a reasonable modification under federal law. Schools need the flexibility to make this determination, which is something State Defendants opposed at the time the Complaint was filed (through their threatened enforcement of Section 280.31) and remain opposed to, as stated in their recent legal filings. *See* ECF 95, at 16-18. Given the mutating nature of the worst public health crisis in a century, School District Defendants simply cannot offer an "assurance that there is no reasonable expectation that the violation will recur" even for students who can safely attend school now. *Nixon*, 716 F.3d at 1051. *See also Rural Water Sys. No. 1 v. City of Sioux Ctr.*, 967 F. Supp. 1483, 1509 (N.D. Iowa 1997) (observing there was a live and substantial controversy over a governmental policy that had "violated or may in the future violate" a statute because "[t]here have been, and for the foreseeable future are likely to be, disputes" that a declaratory judgment could resolve).

School District Defendants contend in their motion that "[w]ithout the same circumstances that existed when the Complaint was filed, Plaintiffs are essentially asking this Court for an advisory opinion on the scope of Iowa Code Section 280.31." ECF 96, at 3. But Plaintiffs do not need to show that the "same circumstances" exist at the time when the

Complaint was filed; doing so would foreclose litigating most cases that involve ongoing and developing issues. Instead, Plaintiffs must demonstrate that this Court can grant effective relief in an ongoing controversy. *See Or. Nat. Res. Council v. U.S. Bureau of Land Mgmt.*, 470 F.3d 818, 820 (9th Cir. 2006) ("In deciding a mootness issue, 'the question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be any effective relief.'").

Here, Plaintiffs seek a targeted declaration that will give students with disabilities certainty over their rights that will end a live and ongoing dispute between the parties. If a student with a disability were to file a new complaint, it would request the same form of relief and be motivated by overlapping and analogous circumstances. And declaratory judgments are, by definition, not advisory opinions. Clarifying the scope of Plaintiffs' rights would resolve a concrete controversy.

School District Defendants also overread the Eighth Circuit's order. The Eighth Circuit plainly stated that "[t]he issues surrounding the *preliminary injunction* are moot because the current conditions differ vastly from those prevailing when the district court addressed it." *Arc of Iowa*, 33 F.4th at 1044 (emphasis added). Nothing in the Eighth Circuit's order addresses Plaintiffs' claims for declaratory relief, which have not been adjudicated by this Court or any other. A ruling on one type of relief does not extinguish the viability of claims on which a court has not ruled. Indeed, the Eighth Circuit explicitly made clear that its determination regarding preliminary injunctive relief did not extend to the merits of the underlying action or extinguish forms of relief not at issue. *Id.* at 1045 ("This Court takes no position on the merits of Plaintiffs' claims, which are left for future decision.").

## II.     THE DISTRICTS ARE INDISPENSABLE PARTIES.

A party is indispensable and must be joined in an action if the district court "cannot accord complete relief" in that party's absence. Fed. R. Civ. P. 19(a)(1)(A). Joinder of "all materially interested parties to a single lawsuit  . . . .[ serves] to protect interested parties and avoid waste of judicial resources." *Sykes v. Hengel*, 220 F.R.D. 593, 596 (S.D. Iowa 2004) (citation omitted). To determine whether a party is indispensable, courts use a practical, fact-based inquiry based on the particulars of the case. "Whether a person is 'indispensable'—that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation." *Spirit Lake Tribe v. N.D.*, 262 F.3d 732, 746 (8th Cir. 2001).

This litigation requires joinder of the School District Defendants. To ban mask mandates, Iowa legislators specifically restricted what school districts can do. The statute singles out the "board of directors of a school district" and the superintendent or chief administering officer of a "school district" from adopting mask mandates. 2021 Iowa Acts ch. 139, § 28 (codified at Iowa Code § 280.31). School districts are the regulated party in question and remain a necessary party to afford relief. This is evident from the past history of this case: All ten of the School District Defendants had masking requirements before the passage of Section 280.31; nine of them rescinded their masking requirements after Section 280.31 passed and the State Defendants threatened enforcement; eight of them adopted some form of masking requirement following this Court's entry of a TRO prohibiting State Defendants from enforcing Section 280.31. Order Granting Prelim. Inj./ECF 60, at 7; TRO/ECF 32, at 17. Finally, the declaratory relief Plaintiffs seek directly controls the response by School District Defendants to Plaintiffs' and Plaintiffs' members current and future requests for reasonable modifications by providing that "Section 280.31 cannot be cited as a basis to deny a student's request for reasonable modification or

accommodation that includes requiring others to wear mask." Pl. Mot. for Summ. J./ECF 88, at 2.

The Fifth Circuit's recent order in *E.T. v. Paxton* confirms the indispensability of school districts. In finding the Texas plaintiffs did not have redressability based on the unique considerations in the case, that court observed that the Texas "[p]laintiffs chose not to sue their school districts," leaving them with "unfettered choice" to "drop their mask mandates at any time." No. 21-51083, 2022 WL 2914732 (5th Cir. July 25, 2022) at *7. The Fifth Circuit noted that even if it affirmed the district court's permanent injunction against the Texas Attorney General, "the school districts could drop . . . their mask mandates anyway" because they had not been sued, "expos[ing] plaintiffs to the exact same risks they otherwise impute to [the Texas mask mandate ban], and no amount of equitable relief against the Attorney General will redress anything." *Id*. Here, as in Texas, school districts must be joined to create the possibility of redress.

## CONCLUSION

For the foregoing reasons, the School District Defendants' motions to dismiss should be denied.


Respectfully submitted,

 **AMERICAN CIVIL LIBERTIES UNION OF IOWA**

/s/ Rita Bettis Austen

Rita Bettis Austen, AT0011558
Shefali Aurora, AT0012874
Leah Patton, AT0006022
**ACLU of Iowa Foundation Inc.**
505 Fifth Avenue, Suite 901
Des Moines, IA 50309-2316

Telephone: 515-243-3988
Facsimile: 515-243-8506
rita.bettis@aclu-ia.org
shefali.aurora@aclu-ia.org
leah.patton@aclu-ia.org


**DISABILITY RIGHTS IOWA**
Cynthia A. Miller (AT0005382)
Catherine Johnson (AT0004006)
666 Walnut Street, Suite 1440
Des Moines, IA 50309
T: (515) 278-2502
E: cmiller@driowa.org
E: cjohnson@driowa.org


**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
Louise Melling*
125 Broad St.
New York, NY 10004
T: (212) 549-2637
E: lmelling@aclu.org

Susan Mizner*
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0781
E: smizner@aclu.org


**ARNOLD & PORTER KAYE SCHOLER LLP**
John A. Freedman*
601 Massachusetts Ave, NW
Washington, DC 20001
T: 202.942.5316
E: john.freedman@arnoldporter.com
*Admitted *pro hac vice*


**THE ARC**
Shira Wakschlag*
The Arc of the United States
1825 K Street, NW, Suite 1200
Washington, DC 20006
Telephone: 202-534-3708

Facsimile: 202-534-3731
E: wakschlag@thearc.org
*pro hac vice admission pending


**DUFF LAW FIRM, PLC**
Thomas J. Duff
The Galleria
4090 Westown Pkwy, Suite 102
West Des Moines, Iowa 50266
Telephone: (515) 224-4999
Fax: (515) 327-5401
E : tom@tdufflaw.com


*Attorneys for the Plaintiffs*


Dated: August 15, 2022


**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system.

All participants in this case are registered CM/ECF users and will served by the CM/ECF system.
Date: August 15, 2022

/s/Rita Bettis Austen
Rita Bettis Austen