IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| THE ARC OF IOWA; CHARMAINE ALEXANDER, Individually and on Behalf of C.B.; JOHNATHAN CRAIG, Individually and on Behalf of E.C. and J.C.; MICHELLE CROFT, Individually and on Behalf of J.J.B.; AMANDA DEVEREAUX, Individually and on Behalf of P.D.; CARISSA FROYUM ROISE, Individually and on Behalf of H.J.F.R.; LIDIJA GEEST, Individually and on Behalf of K.G.; MELISSA HADDEN, Individually and on Behalf of V.M.H.; HEATHER LYNN PRESTON, Individually and on Behalf of M.P. and S.P.; LISA HARDISTY SITHONNORATH, Individually and on Behalf of A.S.; REBEKAH STEWART, Individually on Behalf of E.M.S.; ERIN VERCANDE, Individually and on Behalf of S.V.; | * * * * * * * * * * * * * * * * * * * * | 4:21-cv-00264 |
| Plaintiffs, | * * | |
| v. | * * | |
| KIM REYNOLDS, In her Official Capacity as Governor of Iowa; ANN LEBO, In her Official Capacity as Director of the Iowa Department of Education; ANKENY COMMUNITY SCHOOL DISTRICT; COUNCIL BLUFFS COMMUNITY SCHOOL DISTRICT; DAVENPORT COMMUNITY SCHOOL DISTRICT; DECORAH COMMUNITY SCHOOL DISTRICT; DENVER COMMUNITY SCHOOL DISTRICT; DES MOINES PUBLIC SCHOOLS; IOWA CITY COMMUNITY SCHOOL DISTRICT; JOHNSTON COMMUNITY SCHOOL DISTRICT; LINN MAR COMMUNITY SCHOOL DISTRICT; WATERLOO COMMUNITY SCHOOL DISTRICT; | * * * * * * * * * * * * * * * * * * * * | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS AND GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |
| Defendants. | * * | |

Before the Court is Defendants Governor Kim Reynolds and Director of the Iowa Department of Education Ann Lebo's Motion to Dismiss, ECF No. 86; Defendants Ankeny Community School District, Davenport Community School District, Decorah Community School District, Denver Community School District, Des Moines Public Schools, Johnston Community School District, Linn Mar Community School District, Waterloo Community School District's, Council Bluffs Community School District's, and Iowa City Community School District's respective Motions to Dismiss, ECF Nos. 96, 97, 98; and Plaintiffs' Motion for Summary Judgment, ECF No. 88.  The parties filed responses and replies to the respective Motions.[1]  ECF Nos. 99, 100, 101, 104, 105, 106.  The Court heard oral argument on the Motions on September 28, 2022.  *See* ECF No. 113.  The matter is fully submitted.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case have been exhaustively recounted by this Court as well as the court of appeals.  In early spring 2020, schools across Iowa and the country transitioned to remote learning due to the COVID-19 pandemic.  When schools eventually resumed in-person learning, many adopted masking policies requiring staff, students, and visitors to wear face masks.  On May 20, 2021, Governor Reynolds signed into law an act banning local school districts from imposing mask mandates on school property unless otherwise required by law.  Act of May 20, 2021 (H.F. 847), ch. 139, 2021 Iowa Act § 28 (codified at Iowa Code § 280.31).  Specifically, the law provides:

> The board of directors of a school district, the superintendent or chief administering officer of a school or school district, and the authorities in charge of each accredited nonpublic school shall not adopt, enforce, or implement a policy that requires its employees, students, or members of the public to wear a facial covering for any purpose while on the school district's or accredited nonpublic school's property unless the facial covering is necessary for a specific

---

[1] None of the Defendant school districts responded to Plaintiffs' summary-judgment motion.

> extracurricular or instructional purpose, or is required by section 280.10 or 280.11
> or any other provision of law.

Iowa Code § 280.31.  As a result, Iowa schools with masking policies dropped them.

That fall, Plaintiffs filed this action on behalf of disabled or immunocompromised children in Iowa alleging Iowa's mask mandate ban violates their civil rights under Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12132; section 504 of the Rehabilitation Act of 1973, § 794(a); and the American Rescue Plan Act of 2021 (ARPA), Pub. L. No. 117-2, 135 Stat. 4 (2021).  On September 13, 2021, this Court issued a Temporary Restraining Order (TRO) enjoining Defendants from enforcing Iowa Code section 281.30 in Iowa public schools.  ECF No. 32.  Two weeks later, the Court granted a fourteen-day extension of the TRO.  ECF No. 49.  Then, on October 8, the Court granted Plaintiffs' Motion for Preliminary Injunction after concluding Plaintiffs have standing to bring the case, Plaintiffs had demonstrated a need for preliminary injunctive relief, Plaintiffs have properly brought their claims under Title II of the ADA and section 504 of the Rehabilitation Act and there was no reason for them to administratively exhaust their claims under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq.*  ECF No. 60.  The Court further concluded Plaintiffs had demonstrated irreparable harm; Plaintiffs were likely to succeed on the merits of their ADA and Rehabilitation Act claims; and it was in the public's interest to allow local public school districts to exercise their discretion to adopt masking policies in an effort to inhibit the spread of COVID-19 and protect the children in their schools.  *Id.*

Defendants Reynolds and Lebo filed an interlocutory appeal and successfully asked the appellate court for an expedited briefing schedule and oral argument.  *Arc of Iowa v. Reynolds*, No. 21-3268 (8th Cir. Oct. 15, 2021) (order granting motion for expedited appeal).  Following oral argument, the Eighth Circuit entered a decision "hold[ing] that Plaintiffs are entitled to a

preliminary injunction because mask requirements are reasonable accommodations required by federal disability law to protect the rights of Plaintiffs' children." *Arc of Iowa v. Reynolds (Arc of Iowa I)*, 24 F.4th 1162, 1167–68 (8th Cir. 2022), *vacated*, 33 F.4th 1042 (2022).  Specifically, two members of the three-person panel concluded Plaintiffs have standing to sue because (1) they have "demonstrated an adequate injury in fact," *id.* at 1169, (2) their children's "injuries are fairly traceable to [s]ection 280.31," *id.* at 1171, and (3) their children's "injuries are likely to be redressed by a favorable judicial decision," *id.* at 1172.  Next, the majority held the exhaustion requirement of the IDEA did not apply to Plaintiffs' claims "[b]ecause the gravamen of Plaintiffs' complaint does not seek relief from a denial of a [free appropriate public education]."  *Id.* at 1177.  Finally, with respect to whether Plaintiffs were entitled to a preliminary injunction, the majority held "Plaintiffs are likely to succeed on the merits because mask requirements constitute a reasonable modification and schools' failure to provide this accommodation likely violates the [Rehabilitation Act]," *id.*, Plaintiffs had demonstrated an irreparable harm, *id.* at 1180, the balance-of-the-equities factor weighs in Plaintiffs' favor, *id.*, and "the public interest[] also favors Plaintiffs," *id.* at 1181.

Nevertheless, the panel concluded that, because "the injunction imposed by the district court sweeps more broadly than necessary to remedy Plaintiffs' injuries," the preliminary injunction should be "vacate[d], in part, and remand[ed] to allow the district court to enter a tailored injunction that prohibits Defendants from preventing or delaying reasonable accommodations and ensures that Plaintiffs' schools may provide such reasonable accommodations."  *Id.* at 1168.  In other words, because "Plaintiffs are not harmed by the absence of mask requirements at schools their children do not attend," the preliminary injunction needed to be narrowed to only those school districts that Plaintiffs' children attend to remedy

their injuries. *Id.* at 1181. Before the court issued its mandate, however, Defendants Reynolds and Lebo's petition for rehearing by the panel was granted. *Arc of Iowa*, No. 21-3268 (8th Cir. Mar. 28, 2022).

On May 16, 2022, the panel filed a per curiam, yet not unanimous, decision vacating the preliminary injunction as moot. *Arc of Iowa v. Reynolds (Arc of Iowa II)*, 33 F.4th 1042, 1044 (8th Cir. 2022). In a nutshell, two members of the panel concluded, "[t]he issues surrounding the preliminary injunction are moot because the current conditions [of the COVID-19 pandemic] differ vastly from those prevailing when the district court addressed it." *Id.* They noted that vaccines are now available for school-aged children, "greatly decreasing Plaintiffs' children's risk of serious bodily injury or death," and that there were "markedly lower transmission rates and case loads throughout Iowa and the country." *Id.* The panel took "no position on the merits of Plaintiffs' claims, which [it said] are left for future decision." *Id.* at 1045. However, it emphasized that this Court and the parties "should pay particular attention to [s]ection 280.31's exception for 'any other provision of law'" on remand. *Id.* (quoting Iowa Code § 280.31). That is, "[if] another state or federal law requires masks, [s]ection 280.31 does not conflict with that law—and thus should not be completely enjoined." *Id.* Judge Kelly's dissent centered on the lack of "evidence in the record about Plaintiffs' children's current risk" in disagreeing with the majority's decision to sua sponte vacate this Court's preliminary injunction for mootness. *Id.* at 1046 (Kelly, J., dissenting). The dissenting judge also wrote that based on the record before the court at that time, "Plaintiffs are entitled to a preliminary injunction that prohibits Defendants from preventing or delaying reasonable accommodations under the ADA and [the Rehabilitation Act] and ensures that Plaintiffs' schools could enforce mask requirements as reasonable accommodations if needed." *Id.* at 1047. Judge Kelly made a final parting point:

Irrespective of the outcome of this litigation, parents of children with disabilities may still seek accommodations to ensure their children may safely access their schools as the COVID-19 pandemic wears on. Section 280.31 explicitly includes an exception when "any other provision of law" requires face coverings. Schools are equipped to determine on an individualized, case-by-case basis—just as schools do for any other type of reasonable accommodation request—whether a mask requirement for certain people or places in the school building is a reasonable accommodation under the ADA and [the Rehabilitation Act]. This is what federal law requires, and what [s]ection 280.31—and Defendants who are charged with enforcing it—must allow.

*Id.* at 1050.

Defendants now move to dismiss this action, and Plaintiffs have filed a motion for summary judgment on their claims for declaratory relief.

## II.  LEGAL STANDARD

When deciding a motion under Federal Rule of Civil Procedure 12(b)(1), a court must first "distinguish between a 'facial attack' and a 'factual attack.'"  *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015) (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).  Defendants Reynolds and Lebo appear to assume the truth of Plaintiffs' factual allegations, thus, the Court will regard the challenges as facial attacks.  "In a facial attack, 'the court merely [needs] to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction.'"  *Id.* (alteration in original) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).  Therefore, "the court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)."  *Osborn*, 918 F.2d at 729 n.6 (citations omitted).  "The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction . . . ."  *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009).

"Under [Rule] 12(b)(6), the factual allegations in the complaint are accepted as true and viewed most favorably to the plaintiff." *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a claim is plausible is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Hamilton v. Palm*, 621 F.3d 816, 818 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

Rule 56(a) provides, "A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment is proper when the record, viewed in the light most favorable to the nonmoving party and giving that party the benefit of all reasonable inferences, shows there is no genuine issue of material fact and the moving party is therefore entitled to judgment as a matter of law. *See id.*; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379, 382 (8th Cir. 1994).

## III.  ANALYSIS

### A.  Defendants Reynolds and Lebo's Motion to Dismiss

Defendants Reynolds and Lebo continue to argue Plaintiffs do not have standing to challenge Iowa Code section 280.31 because Plaintiffs have not suffered injuries and their requested declaratory relief will not redress their alleged injuries. They further argue Plaintiffs' claims are moot because of changed circumstances, including a lower risk of contracting COVID-19 at school and a lower risk of severe illness or death if infected. Defendants also argue Plaintiffs' claims must be dismissed because they have not exhausted their administrative

remedies.  Next, Defendants argue federal law does not require that masks be worn in schools or that school districts have discretion to make masking decisions at the local level.  They contend section 280.31 is a neutral, nondiscriminatory statute that does not target disabled children.  They further contend universal mask mandates are not a reasonable modification but rather an undue burden that fundamentally alters the nature of Iowa's education program and infringes on the rights of others.  Finally, Defendants argue Plaintiffs' have abandoned their claim based on the ARPA and their claims for injunctive relief.

1.  Standing

Defendants Reynolds and Lebo continue to argue Plaintiffs do not have standing because (1) Plaintiffs are not injured by section 280.31 because it permits schools to require masks when required by federal law and (2) the requested relief does not redress Plaintiffs' alleged injuries.

Plaintiffs admit there are some marked changes that have occurred in the COVID-19 landscape since this litigation began over a year ago but contend they continue to have standing because their children still face elevated risks of death or serious illness from COVID-19 and barriers to critical educational opportunities.

In both its prior Orders, this Court determined Plaintiffs have standing.  ECF Nos. 32 at 17, 60 at 11.  The Eighth Circuit initially agreed, *Arc of Iowa I*, 24 F.4th at 1173, before later vacating the preliminary injunction as moot, *Arc of Iowa II*, 33 F.4th at 1045.  It has been more than a year since this action commenced, and although circumstances have undoubtedly changed in that time, standing is determined at the time an action commences.  *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2000).  Thus, Plaintiffs continue to have standing to bring this action regardless of how much change has occurred.  However, even if

standing was like mootness in that it depended on the state of the record at the time of review, Plaintiffs would still have standing to bring suit for the reasons expressed below.

Plaintiffs have submitted Declarations from the medical doctors for three of Plaintiffs' children that detail these children's continued severe risks and continued need for their schools to require masks for those around and interacting with these children.  Without masking requirements at these children's schools, the children are forced to choose between their safety and their education.  One six-year-old child, E.C., has several serious diagnoses that put her "at high risk for severe complications if she were to become infected with COVID-19, even though E.C. has been fully vaccinated and boosted."  ECF No. 95-1 at 2 ¶ 5.  It is difficult for E.C. herself to wear a mask because of her intellectual challenges.  *Id.* at 2 ¶ 6.  For these reasons, E.C. participates in "home-bound schooling" instead of in-person schooling because it is the safest option.  *Id.* at 2 ¶ 7.  However, E.C. does not receive the same level of special education services as a home-bound student that she would receive if she attended school in person.  *Id.* at 2 ¶ 8.  Thus, it is essential that E.C. be able to return to in-person learning safely, which may include masking by E.C.'s teachers, aides, and other students in the classroom who are able to wear masks.  *Id.* at 3 ¶¶ 10, 12.  Another child, M.P., has several medical complications resulting from his rare condition including that his heart, lungs, and liver are under chronic stress.  *Id.* at 7–8 ¶¶ 4–7.  He is also at increased risk of blood clots that put him at high risk for severe complications from COVID-19 despite being fully vaccinated and previously having had the disease.  *Id.* at 8–9 ¶¶ 7, 8, 13.  For M.P. to safely attend in-person learning, M.P.'s doctor recommends that all other students and staff around M.P. wear a mask to protect him.  *Id.* at 8 ¶ 11.  A third child, H.J.F.R., has multiple serious medical diagnoses, one of which puts him at a higher risk of requiring additional ventilatory support if he becomes infected with the virus that

causes COVID-19.  *Id.* at 14.  H.J.F.R.'s doctor recommends that all people should wear masks when indoors to reduce H.J.F.R.'s risk of exposure when county transmission is high.  *Id.*  This evidence is sufficient to conclude Plaintiffs have demonstrated a concrete and particularized injury in fact if schools are not permitted to require masks under certain circumstances.  *See Kai v. Ross*, 336 F.3d 650, 656 (8th Cir. 2003) (noting "the danger to plaintiffs' health, and perhaps even their lives, gives them a strong argument of irreparable injury"); *Liddell v. Special Admin. Bd. of Transitional Sch. Dist. of City of St. Louis*, 894 F.3d 959, 965–66 (8th Cir. 2018) (concluding the plaintiffs had alleged an "injury to their children's educational interests and opportunities" sufficient for Article III standing).

Next, it is undisputed that Plaintiffs' alleged injuries are fairly traceable to the enactment and enforcement of Iowa Code section 280.31.  Indeed, without section 280.31, there would be no question that schools could require masks to be worn and these students be protected.[2] Plaintiffs have therefore shown traceability because their children's injuries are caused by "the predictable effect of Government action on the decisions of third parties."  *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2566 (2019).

Defendants Reynolds and Lebo instead contend that the declaratory relief sought by Plaintiffs will not redress their alleged injuries and will not require Plaintiffs' schools to impose universal mask mandates.  It is true that what Plaintiffs seek is a return of discretion to the local schools to determine what requirements are necessary to protect the health and safety of their students, staff, and visitors to the school.  As shown in this case, many schools across Iowa had mask requirements prior to the enactment of section 280.31 but dropped them once the statute

---

[2] In fact, Defendants Reynolds and Lebo write in their Motion to Dismiss that "Plaintiffs . . . alleged denial of education . . . [i]f it's caused at all, [it is caused by section 280.31]."  ECF No. 90 at 19.

became effective.  And after the Court ordered the preliminary injunction, several schools once again imposed some form of mask requirements.  These facts demonstrate that redressability is not too "speculative," but rather, "likely."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Indeed, it is likely that granting the relief requested by Plaintiffs will lead their schools to require masks of those working with or nearby Plaintiffs' children to comply with federal disability law and accommodate the children's disabilities.

Because at least one of Plaintiffs' children remains at high risk for severe illness and faces a loss of educational opportunities by having to participate in home-bound schooling as compared to in-person learning, *see Dep't of Com.*, 139 S. Ct. at 2565 ("For a legal dispute to qualify as a genuine case or controversy, at least one plaintiff must have standing to sue."), Plaintiffs have clearly shown a concrete and particularized injury in fact sufficient for standing, that is fairly traceable to Defendants' enforcement of section 280.31, and that Plaintiffs' requested relief will likely redress their alleged injuries.

2.  Mootness

Defendants Reynolds and Lebo next argue that Plaintiffs' claims are moot because the circumstances of the pandemic have changed such that children now have a lower risk of contracting COVID-19 at school and have a lower risk of death or serious illness if the virus is contracted.  They rely on the Eighth Circuit's Opinion from May 2022, which held that the preliminary injunction in this case was prudentially moot due to the availability of children's COVID-19 vaccines and lower transmission rates.  Defendants insist the Circuit's Opinion is binding on this Court as the law of the case.  *Arc of Iowa II*, 33 F.4th at 1045 (vacating the preliminary injunction as moot).

"The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 862 (9th Cir. 2017) (citation omitted). "[P]rudential mootness, '[t]he cousin of the mootness doctrine, in its strict Article III sense, is a melange of doctrines relating to the court's discretion in matters of remedy and judicial administration." *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) (en banc) (second alteration in original) (citation omitted). "Even if a court has jurisdiction under Article III to decide a case, prudential concerns may militate against the use of judicial power, i.e., the court 'should treat [the case] as moot for prudential reasons.'" *Id.* (alteration in original) (citation omitted); *see also Sierra Club v. U.S. Army Corps. Eng'rs*, 277 F. App'x 170, 172 (3d Cir. 2008) ("Under the prudential mootness doctrine, . . . [a court] may decline to exercise [its] discretion to grant declaratory and injunctive relief if the controversy is 'so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to grant." (citation omitted)). Defendants "bear[] the burden of establishing that changed circumstances warrant relief." *Ahmad v. City of St. Louis*, 995 F.3d 635, 641 (8th Cir. 2021).

Plaintiffs correctly assert their claims for declaratory relief have not been adjudicated and therefore are not foreclosed by the Eighth Circuit's decision from May. Indeed, the appellate panel explicitly wrote that it "[took] no position on the merits of Plaintiffs' claims, which are left for future decision." *Arc of Iowa II*, 33 F.4th at 1045. In other words, the Circuit recognized that Plaintiffs' claims for declaratory relief remained and were not mooted by its decision to vacate the preliminary injunction. "It is important to remember that, as with other justiciability doctrines, mootness should not be confused with the merits. An argument that an action is moot

because the plaintiff is not entitled to the requested relief, for example, is no more than an argument on the merits that should be decided on the merits."  13B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3533.1 (3d ed. Apr. 2022 update). Additionally, even though circumstances have changed since this case was filed, Plaintiffs have shown that at least some of their children are still at high risk for severe illness if they contract COVID-19, despite being vaccinated.  And for these high-risk children, having others around them at school wear masks is essential for their protection.  "The central question in a prudential mootness analysis is 'whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief.'"  *Sierra Club*, 277 F. App'x at 172–73 (quoting *Int'l Brotherhood of Boilermakers v. Kelly*, 815 F.2d 912, 915 (3d Cir. 1987)). Defendants Reynolds and Lebo have not retracted their statements that they will enforce section 280.31 against school districts and administrators, instead they continue to contend that federal disability law does not require mask mandates and that mask mandates are not a reasonable modification.  Thus, Plaintiffs have demonstrated meaningful declaratory relief can still be granted, and Defendants have failed to meet their burden of proving that Plaintiffs' claims for declaratory relief are moot.

3. Exhaustion

Defendants once again argue that Plaintiffs have failed to exhaust their administrative remedies under the IDEA.  And once again, the Court concludes the "gravamen" of Plaintiffs' Complaint does not seek redress for Defendant Schools' failures to provide Plaintiffs' children with a free and appropriate public education. *See Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, ___, 137 S. Ct. 743, 749 (2017).  Rather, Plaintiffs challenge their children's schools' failure to require any masks, forcing the families to choose between their children attending school in

person at risk to their health or attend remotely or even not at all.  Plaintiffs seek the ability to request the reasonable accommodation of requiring persons around their children to wear masks in order for their disabled children to safely access their public school and to have that request granted.  Their goal is not to achieve an equally appropriate free education for their special needs children but to physically access their schools without the risk of severe illness or death.

4.  Federal Disability Law

Defendants Reynolds and Lebo argue that federal disability law does not require schools to impose universal mask mandates, thus Plaintiffs have failed to state a claim upon which relief can be granted.  Defendants contend that section 280.31 does not violate either Title II of the ADA or section 504 of the Rehabilitation Act because the state statute is a "neutral nondiscriminatory policy," ECF No. 90 at 18, and Plaintiffs' ADA and Rehabilitation Act claims are without merit because their children are not being denied the benefit of a public education *because* of their disabilities.

In their Complaint, Plaintiffs seek a declaratory judgment that Defendant Districts must comply with federal disability law by providing reasonable accommodations, when requested, that may include imposing mask mandates.  Further, Plaintiffs seek a declaration that Defendants' implementation of section 280.31—to the extent that it prohibits local school districts from requiring masks to be worn in fulfillment of a student's request for a reasonable accommodation—violates federal law.

This Court has held that mask mandates are a reasonable modification such that school districts may require students, staff, and visitors to wear masks to protect disabled children in their schools.  Under the ADA, "public entit[ies] shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the

basis of disability, unless [they] can demonstrate that making the modifications would

fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7)(i).

The Rehabilitation Act's regulations similarly require public entities to make reasonable

accommodations to ensure meaningful access to the benefit that public entity provides.

*Alexander v. Choate*, 469 U.S. 287, 301 (1985); *DeBord v. Bd. of Educ. of Ferguson-Florissant*

*Sch. Dist.*, 126 F.3d 1102, 1104–05 (8th Cir. 1997).  In other words, the Acts require public

schools to make reasonable accommodations for students with disabilities in order to provide

them with meaningful access to education.  A modification "is not reasonable if it either imposes

'undue financial and administrative burdens' . . . or requires 'a fundamental alteration in the

nature of [the] program.'" *Sch. Bd. of Nassau Cnty. v. Arline*, 480 U.S. 273, 287 n.17 (1987)

(citations omitted).

　　　　Under the ADA and the Rehabilitation Act, school districts are required "to 'start by

considering how [their educational programs] are used by non-disabled [students] and then take

reasonable steps to provide disabled [students] with a like experience." *Argenyi v. Creighton*

*Univ.*, 703 F.3d 441, 451 (8th Cir. 2013) (quoting *Baughman v. Walt Disney World Co.*, 685

F.3d 1131, 1135 (9th Cir. 2012)).  Plaintiffs have demonstrated that school programs, services,

and activities are not meaningfully accessible to their disabled children because their children

cannot attend in-person learning without threat severe illness or death due to their medical

vulnerabilities.  Permitting schools to impose mask mandates would allow disabled children who

are at an increased risk of severe illness or death from COVID-19 to participate in their school's

programs, services, and activities "with a like experience" to their nondisabled peers and would

not fundamentally alter the nature of the services that a school provides.  *Id.*  Defendants even

admit that, depending on the circumstances, "limited masking of teachers or students while

interacting closely with the individual" may be a reasonable modification that is not prohibited by section 280.31.  ECF No. 90 at 23.

For the reasons stated above, the Court concludes Plaintiffs have standing, the case is not moot, Plaintiffs need not exhaust their administrative remedies, and Plaintiffs have pled sufficient facts to state a plausible claim to relief under the ADA and the Rehabilitation Act.  At oral argument, Plaintiffs agreed they have abandoned their claim under the ARPA and are no longer seeking injunctive relief.  The Court therefore grants Defendants' Motion as to Plaintiffs' claim under the ARPA and Plaintiffs' claims for injunctive relief and these claims are dismissed. Accordingly, Defendants Reynolds and Lebo's Motion to Dismiss is granted in part and denied in part.

### B.  Defendant Districts' Motions to Dismiss[3]

Defendant Districts argue that Plaintiffs' Complaint is moot because it is based on circumstances that no longer exist as COVID-19 vaccines are now available for children and thus, Plaintiffs' children's health circumstances and educational experiences are vastly different than they were a year ago.  Further, Defendant Districts contend that Plaintiffs have failed to show how Defendant Districts are indispensable parties and Plaintiffs have failed to state a claim against them upon which relief can be granted.  Defendant Districts assert "that Plaintiffs' real dispute lies with Defendants Kim Reynolds and Ann Lebo regarding the enforcement of Iowa

---

[3] The Motion to Dismiss was filed by Defendants Ankeny Community School District, Davenport Community School District, Decorah Community School District, Denver Community School District, Des Moines Public Schools, Johnston Community School District, Linn Mar Community School District, and Waterloo Community School District.  ECF No. 96.  Defendant Council Bluffs Community School District joins in the Motion and adopts the attached brief but also files a separate Motion to Dismiss presenting the same arguments.  ECF No. 97.  Similarly, Defendant Iowa City Community School District partially joins in the Motion, presenting the same necessary-party argument as the other school districts but declines to present the mootness argument.  ECF No. 98.  The Court will refer to all school districts named in Plaintiffs' Complaint collectively as "Defendant Districts" for purposes of this Order.

Code [s]ection 280.31" and that "[Defendant] Districts are not necessary parties because complete relief can be obtained absent their participation in the action."  ECF No. 96-1 at 5.

As determined above, Plaintiffs' claims for declaratory relief are live and were not mooted by the Eighth Circuit's decision to vacate the preliminary injunction or the changes in circumstances underlying its decision.

With regard to Defendant Districts' second argument, Plaintiffs respond Defendant Districts are indispensable parties because the statute prohibits school boards and administrators from adopting mask requirements and because the declaratory relief sought by Plaintiffs impacts the school districts' responses to Plaintiffs' future requests for reasonable modifications.

A party is necessary and indispensable if, "in that [party]'s absence, the court cannot accord complete relief." Fed. R. Civ. P. 19(a)(1)(A).  Further, "joinder of all materially interested parties to a single lawsuit . . . protect[s] interested parties and avoid[s] waste of judicial resources." *Sykes v. Hengel*, 220 F.R.D. 593, 596 (S.D. Iowa 2004) (citation omitted). Plaintiffs seek a declaration from the Court that is focused on Defendant Districts' compliance with the ADA and the Rehabilitation Act.  Plaintiffs assert that Title II of the ADA and section 504 of the Rehabilitation Act require school districts to impose masking requirements when requested as a reasonable accommodation and that failing to do so, on the sole basis that section 280.31 prohibits any and all masking requirements in Iowa's schools, violates the ADA and the Rehabilitation Act.  Because it is Defendant Districts' responses to a reasonable-accommodation request and how section 280.31 is implemented that is ultimately at the heart of Plaintiffs' Complaint, Defendant Districts are necessary parties to this action.  Accordingly, Defendant Districts' Motion to Dismiss is denied.

*C. Plaintiffs' Motion for Summary Judgment*

Plaintiffs seek a declaration from this Court as to their legal rights under the ADA and the Rehabilitation Act following the enactment of Iowa Code section 280.31.  Plaintiffs contend that granting declaratory judgment as they request would make clear to Defendants Reynolds and Lebo the scope of their authority to enforce the statute, to school administrators their obligations under federal and state law, and to families with disabled schoolchildren their legal rights. Plaintiffs assert Defendants Reynolds and Lebo have caused confusion and uncertainty over whether schools are permitted to require masks to be worn if federal law so requires by threatening to remove a school district's accreditation if it imposes a mask mandate.  This confusion and uncertainty has impacted the decisions local school districts have made regarding masking requirements and also the decisions made by families of students with disabilities. Thus, Plaintiffs have filed their Motion asking this Court to enter judgment declaring that Iowa Code section 280.31's phrase "'other provision[s] of law' . . . include[s] Title II of the Americans with Disabilities Act ('ADA') and [s]ection 504 of the Rehabilitation Act."  ECF No. 88 at 2. Plaintiffs further ask this Court to enter judgment declaring "[t]hat [s]ection 280.31 cannot be cited as a basis to deny a student's request for a reasonable modification or accommodation under the ADA or Rehabilitation Act that includes requiring others to wear masks."  *Id.*  Prior to filing their Motion, Plaintiffs sought stipulation from Defendants with regard to the above-quoted language.  *Id.*  Defendants Reynolds and Lebo opposed the proposed stipulation, Defendant Iowa City Community School District so stipulated, and the remaining Defendants did not respond.  *Id.* at 2–3.

Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202(a).  Under the Declaratory Judgment Act, "[i]n a case of actual controversy . . . any court of

the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "There are two principal situations when it is proper to grant declaratory relief: (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue; and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceedings." *Meredith Corp. v. Riegel Consumer Prods.*, No. 4:04-cv-90273, 2005 WL 290013, at *3 (S.D. Iowa Jan. 31, 2005) (quoting *Alsager v. Dist. Ct. of Polk Cnty.*, 518 F.2d 1160, 1163 (8th Cir. 1975)).

In their response, Defendants Reynolds and Lebo argue that the relief requested in Plaintiffs' Motion is different from that requested in their Complaint. They further contend Plaintiffs' Motion should be denied because it does not resolve a dispute between the parties as they have consistently asserted that section 280.31 allows schools to comply with federal law. Defendant Districts have not filed a resistance to Plaintiffs' Motion. At the hearing on the Motion, Defendant Council Bluffs Community School District stated it was not opposed to the first declaration proposed by Plaintiffs but it requested that the second proposed declaration be narrowed such that section 280.31 cannot be the "only" basis to deny a student's request for a reasonable modification or accommodation that includes requiring others to wear masks.

"The function of an affirmative federal pleading, under [Rule] 8(a)(2), is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Oglala Sioux Tribe of Indians v. Andrus*, 603 F.2d 707, 714 (8th Cir. 1979). Under Rule 54(c), the "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). "[T]he federal rules—and the decisions construing them—evince a belief that when a

party has a valid claim, he should recover on it regardless of his counsel's failure to perceive the true basis of the claim at the pleading stage, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining a defense upon the merits." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1219 (4th ed. Apr. 2022 update). In their Complaint, Plaintiffs seek a declaration that section 280.31 "and the Defendants' implementation thereof, violates the ADA" and "subject[s] the Plaintiffs to discrimination in violation of [s]ection 504 of the Rehabilitation Act." ECF No. 1 at 37. Specifically, Plaintiffs complain that it is Defendants Reynolds and Lebo's "implementation" of section 280.31 by threatening the loss of accreditation to school districts and their administrators and Defendant Districts' failure to comply with federal law and provide reasonable accommodations that violates the ADA and the Rehabilitation Act. And it is these methods of implementation that Plaintiffs seek to have declared wrongful in their Motion. In both, Plaintiffs argue school districts must have the discretion—without fear of loss of accreditation—to consider a disabled student's request for a reasonable modification or accommodation that will allow them to safely access their school's services, programs, and activities. Thus, Defendants had adequate notice of Plaintiffs' claims and the declaratory relief they seek and are not prejudiced in their defense.

Next, although it is true Defendants Reynolds and Lebo have always asserted that a preliminary injunction was unnecessary because section 280.31 contains a savings clause that allows schools to comply with "any other provision of law," including federal law, Iowa Code § 280.31, they have also vigorously argued that federal law does not require mask mandates and that requiring masks is not a reasonable modification under the ADA and the Rehabilitation Act, such that section 280.31 does not permit school districts to impose any mask requirements. This

contradiction demonstrates an actual controversy remains between the parties.  *See* 28 U.S.C. § 2201(1).

In its May decision, the Eighth Circuit directed the parties and this Court to "pay particular attention to [s]ection 280.31's exception for 'any other provision of law.'"  *Arc of Iowa II*, 33 F.4th at 1045 (quoting Iowa Code § 280.31).  The panel continued: "This exception unambiguously states that [s]ection 280.31 does not apply where 'any other provision of law' requires masks . . . [and] does not distinguish between state or federal law."  *Id.* (citations omitted).  The panel implied that the phrase "other provision[s] of law" in section 280.31 includes federal disability laws, such as the ADA and the Rehabilitation Act, such that school districts could impose mask requirements as a reasonable accommodation upon request.[4] However, without an explicit holding from the appellate court, uncertainty among families and school districts remains.

In support of their Motion, Plaintiffs submit the declarations of three doctors who opine that the particular children they treat remain at high risk for severe complications or medical interventions should they contract COVID-19, despite being vaccinated and boosted.  ECF No. 88-3 at 4, 10, 18.  The doctors expressly state that for the safety of these children, other students and staff around them at school should wear masks to protect their health.  *Id.* at 5 ¶ 12 ("In terms of recommendations for a safe return to in-person learning, I recommend, among other precautions, that masking may be necessary, depending on conditions in the fall or if conditions are like they are now, by E.C.'s teachers and aides and by all others in the classroom

---

[4] This implication is bolstered by the Eighth Circuit's earlier decision, which noted that, "the plain meaning of [s]ection 280.31 is that where federal law requires masks in school, [s]ection 280.31 allows them. . . .  Because [s]ection 280.31 allows mask requirements to comply with the ADA or [the Rehabilitation Act], it does not conflict with and is not preempted by these laws."  *Arc of Iowa I*, 24 F.4th at 1179–80.

who can wear masks."), 11, 12 ¶ 18 ("It is my medical opinion that M.P. still requires masking

by those around him in school in order to best protect him from further COVID-19 infections.");

*see also id.* at 18 ("When his county is in the high transmission category, we recommend that all

people should wear a mask when indoors with other people to reduce [his] exposure to COVID-

19 spread by others.").  Defendants Reynolds and Lebo do not dispute or contradict this

evidence.  They simply argue there is no need for the declaratory relief that Plaintiffs seek

because the savings clause in section 280.31 allows for compliance with the ADA and the

Rehabilitation Act.

In this case, it is proper to grant a declaratory judgment because it "will serve a useful

purpose in clarifying and settling the legal relations in issue" and "will terminate and afford

relief from the uncertainty, insecurity, and controversy giving rise to the proceedings." *Meredith*

*Corp.*, 2005 WL 290013, at *3.  Accordingly, under Iowa Code section 280.31, a disabled

student may request a reasonable accommodation that requires masks to be worn by teachers,

aides, other students, and anyone else near or interacting with the disabled student to allow the

disabled student making the request to safely and readily access their school and in-person

learning.  Any school district receiving such an accommodation request must consider it just as

they would any other request for a reasonable modification made under the ADA or the

Rehabilitation Act.  The Court agrees with Defendants Reynolds and Lebo that section 280.31's

general prohibition against mask mandates in schools should be considered when determining

whether a particular student's request for a mask mandate as an accommodation is a reasonable

one.  But if, after considering section 280.31's general ban on mask mandates, the school district

concludes that requiring masks is a reasonable modification to protect the safety of the student

making the accommodation request under federal disability law, then Defendants Reynolds and

Lebo must permit the imposition of a mask mandate.  To be clear, a school district need not determine a mask mandate is the only accommodation available, only that it is a reasonable one,[5] which is what federal law requires and therefore section 280.31 permits.

Accordingly, the Court exercises its discretion to grant Plaintiffs' Motion for Summary Judgment and Complaint for Declaratory Relief.  The Court modifies Plaintiffs' second proposed declaration to clarify that Iowa Code section 280.31 *can* be cited as *one* reason to deny a student's request for accommodation if the school district determines a request for a mask mandate is unreasonable in light of section 280.31's general ban on mask mandates in Iowa's schools, but it cannot be cited as the *only* reason to summarily deny such a request.

## IV.  CONCLUSION

IT IS THEREFORE ORDERED that

1.  Defendants' Reynolds and Lebo's Motion to Dismiss (ECF No. 86) is GRANTED IN PART AND DENIED IN PART.  The Court grants Defendants' Motion as to Plaintiffs' claims for injunctive relief and their claim for declaratory relief under the ARPA.  The Court denies Defendants' Motion as to Plaintiffs' other claims.

2.  Defendant Districts' Motions to Dismiss (ECF Nos. 96, 97, 98) are DENIED.

3.  Plaintiffs' Motion for Summary Judgment (ECF No. 88) is GRANTED.

4.  The Court hereby DECLARES that the phrase 'other provision[s] of law' as it is used in Iowa Code section 280.31 includes Title II of the Americans with Disabilities Act (ADA) and section 504 of the Rehabilitation Act.

---

[5] The Court notes that federal law may not, in fact, require universal masks mandates as the only accommodation available to a school when a disabled student presents an accommodation request, but it is a reasonable modification that a school district may impose if it determines such a mandate is necessary to provide the student with safe access to in-person learning.

5.  The Court hereby DECLARES that Iowa Code section 280.31 cannot be cited as the only basis to deny a student's request for reasonable modification or accommodation made under Title II of the ADA or section 504 of the Rehabilitation Act that includes requiring others to wear masks.

IT IS SO ORDERED.

Dated this 1st day of November, 2022.


ROBERT W. PRATT, Judge
U.S. DISTRICT COURT